NEHEMIAH JOHNSON v. HOLLAND N. POWERS.

*Evidence. Minutes of Testimony. Trover.*

The plaintiff's counsel in his closing evidence offered to read the minutes of the defendant's own testimony given at a former trial, which minutes the counsel testified were correct, except that they did not contain the cross-examination. *Held* that they were admissible, the defendant being present at the trial under revision and not showing that the cross-examination qualified the examination in chief.

Where the article in question was disposed of by some person upon an understanding with the defendant, that he, the defendant, was to share in the avails, and he did so, it was *held* that the defendant was liable in trover.

THIS was an action of trover for a watch. Plea, the general issue, and trial by jury, April Term, 1867, BARRETT, J., presiding.

Upon the trial, the plaintiff's evidence tended to show, that on the 18th day of December, 1861, he lost his watch at the store of Benj. E. Morse, in Newfane, and that the defendant either found and took said watch into his possession, or that some other person picked up and disposed of the same with the defendant's concurrence, and shared the avails with him, or that some other person picked up and disposed of the same by procurement of the defendant, or that some other person found and disposed of the same, with an understanding that the defendant was to share in its avails.

The defendant's evidence tended to show, that he had nothing to do with the watch, or its avails.

The plaintiff's counsel, in his closing evidence, offered to read the minutes of the defendant's own testimony given at a former trial, which minutes the counsel testified were correct, except that they did not contain the cross-examination. The defendant objected. The court overruled the objection, and admitted the evidence,—to which the defendant excepted.

The court, at the request of the plaintiff, among other things not excepted to, instructed the jury, that if the defendant found said watch, and he kept it or disposed of it, or if somebody else stole it or found it, and the defendant received it and kept it, or disposed of it, or if he did not receive it, but participated in disposing of it, or

concealing it and keeping it away from the plaintiff, [*or if it was disposed of by somebody else upon an understanding with the defendant, that he, the defendant, was to share in the avails, and he did so,*] or if it was disposed of by somebody else by procurement of the defendant, though he was not to participate in the avails, the defendant, would be liable in this action.

To the part of the charge included in the brackets, the defendant excepted. The jury returned a verdict for the plaintiff, and judgment was rendered thereon.

*H. H. Wheeler*, for the defendant.

*Chas. N. Davenport* and *Clarke & Haskins*, for the plaintiff.

The opinion of the court was delivered by ·

WILSON, J. The evidence introduced by the plaintiff to prove what the defendant testified to, at the former trial, was admissible. It is a well settled rule of law that the declarations or admissions, oral or written, or both, of a party to the record, are, as against such party, admissible in evidence. Greenleaf's Ev. §§ 171-201 and 203. Phillips' Ev. 93, 389 and notes. The object of the party using such declarations or admissions against the party who made them, is only to ascertain that which he conceded against himself, yet, unless the whole is received and considered. the true meaning and import of the part which is evidence against him cannot be ascertained. It is, therefore, a rule of evidence that the whole declaration or admission of the party made at one time, shall be taken together, but the jury are at liberty to believe a portion and disbelieve the other, as they are of all evidence. The testimony of a witness given at a former trial may be proved from the Judge's minutes properly verified, or by the minutes which have been taken by any other person who will swear to their accuracy, or the former evidence may be proved by any person who will swear from his memory to its having been given. 5 Vt. 175 ; *Marsh* v. *Jones*, 21 Vt. 378 ; 39 Vt. 469. In the case at bar the minutes of the defendant's testimony were introduced in connection with legal proof of their accuracy, that they

contained the whole of his testimony on his examination in chief, and this was all the plaintiff claimed to prove by them. It does not appear that the plaintiff's counsel took any minutes of the defendant's testimony in his cross-examination, and it would seem that the counsel was unable to testify in respect to this part of the defendant's testimony, but this did not require the court at that stage of the trial to exclude the testimony offered, for it was competent for the plaintiff to prove by other witnesses or means, all the defendant testified to at the former trial, or so much of his testimony as the minutes did not contain. It does not appear that the plaintiff offered any testimony as to what the defendant testified to, except as to his testimony in the examination in chief, and in the absence of any proof or even claim to the contrary, it may be inferred that the plaintiff proved so much of the defendant's testimony as he was able to prove, and perhaps the substance of all he testified to. It is undoubtedly true as a general rule, that the party who undertakes to reproduce the testimony given by a witness at a former trial, is required to prove the substance, at least, of all he testifies to, the testimony in cross-examination as well as that in the examination in chief. This rule prevails in the reproduction of the testimony of a deceased witness. But where the party who undertakes to reproduce the testimony given by the adverse party at the former trial, proves his testimony in the examination in chief, but is unable to prove the testimony elicited by his cross-examination, and the party, against whom the testimony so reproduced is offered, is living and in court, and has an opportunity to prove what he testified to in the cross-examination, his neglect to do so should not deprive the other party of the benefit of his testimony in chief. The defendant was present at the trial under revision ; he knew whether the reproduction of his testimony in the cross-examination was material, and he was at liberty to introduce it in order that it might be determined whether that part of it qualified or changed the statements made by him in his examination in chief. But it does not appear that the defendant even claimed that the branch of his testimony, making against him and put into the case by the plaintiff, was qualified or changed by his testimony in the cross-examination. This being the state of the

evidence when closed on this point, if it had appeared that the plaintiff, without good cause, omitted to give evidence as to the defendant's testimony in his cross-examination, or that the defendant had no opportunity to testify as to whether his testimony in the cross-examination qualified or changed that given in his examination in chief, he could have insisted that that part of his testimony reproduced by the plaintiff, should be laid out of the case and not considered by the jury. But upon the facts of this case we are agreed that the court properly allowed the jury to consider the evidence.

II. The remaining question relates to the charge of the court as to what would constitute a conversion of the property. The plaintiff's evidence tended to prove, among other things, that the defendant found, took and disposed of the watch, or that some other person found and disposed of the same, with an understanding that the defendant was to share in its avails. That part of the charge to which the defendant excepts, is as follows, " or if it was disposed of by somebody else upon an understanding with the defendant that he, the defendant, was to share in the avails, and he did so," he would be liable in this action. It is clear that the facts detailed in the charge above quoted constitute a conversion of the watch. 2 Green. Ev. sec. 642. *Tinker* v. *Morrill et al.*, 39 Vt. 477. 6 Bac. Abr. 677. Hill. on Torts. 245. It is claimed by the defendant's counsel that from this part of the charge, the jury would understand that it was not necessary that the defendant by himself or through another should have had anything whatever to do with the watch, but only that he should have had some expectation of some benefit from the watch and have received it. But the language of the charge does not warrant the defendant's construction of it. If the jury found the watch was disposed of by *somebody else upon an understanding* with the defendant that he was to share in the avails, they must also have found that the understanding between the person who disposed of the watch and the defendant, was entered into before or at the time the watch was disposed of, therefore the understanding related to the disposition of the watch as well as to the sharing in the avails.

The judgment of the county court is affirmed.