STATE *vs.* HORACE McDONALD, appellant.

Sagadahoc, 1875.—May 4, 1876.

*Witness. Evidence. Words—"the best evidence." Stenographer.*

A witness may be impeached by showing that he testified differently at a former trial.

The former testimony of a witness may be proved by any one who heard and recollects it.

Where it was sought to impeach a witness by showing that he had testified differently at a former trial, and the evidence of the impeaching witness was objected to on the ground that it was not the best evidence, that the legally appointed stenographer, who was present and took notes, could give better evidence, the objection was overruled and the impeaching witness allowed to testify. *Held,* 1, there is no rule of law which makes the stenographer

the only competent witness in such a case; 2, the rule which requires the production of the best evidence is not applicable.
"The best evidence," defined.

ON EXCEPTIONS.

COMPLAINT, for search and seizure.

A verdict had been rendered against the defendant at a former term, which was set aside, and a new trial granted. At the second trial, the government, to impeach one of the defendant's witnesses, offered to show that he testified differently at the former trial, by a witness who was present and heard him testify. The testimony of the impeaching witness was objected to on the ground that it was not the best evidence; that the legally appointed stenographer who took short-hand notes of the testimony could give better evidence. The objection was overruled, and the impeaching witness allowed to testify. The defendant excepted. A second exception was also taken which sufficiently appears by the opinion.

*J. D. Simmons,* for the defendant.

*W. T. Hall,* county attorney, for the state.

WALTON, J.   A witness may be impeached by showing that he testified differently at a former trial; and his former testimony may be proved by any one who heard and recollects it. There is no rule of law which makes the stenographic reporter the only competent witness in such a case. The rule which requires the production of the best evidence is not applicable. Nothing more is intended by that rule than that evidence which is merely substitutionary in its nature shall not be received so long as the original evidence can be had. It does not allow secondary evidence to be substituted for that which is primary. It will not permit the contents of a deed or other written instrument to be proved by parol when the instrument itself can be produced. It has nothing to do with the choice of witnesses. It never excludes a witness upon the ground that another is more credible or reliable. The objection to the witness called by the government to prove that one of the defendant's witnesses had at a former trial testified differently was therefore rightfully overruled.

The second exception is precisely the same as that already considered in another case against the same defendant, *ante* p. 465, and the same conclusion must follow.

*Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.