STATE v. AARON WRIGHT.

Before a witness can be examined to impeach another witness by proving inconsistent statements made by such witness, the impeached witness must be asked as to such statements, in order that he may have an opportunity to explain them.

(*Hooper* v. *Moore*, 3 Jones, 428, cited and approved.)

This was an INDICTMENT for an *Assault with intent to commit Rape,* tried at Spring Term, 1876, of CHOWAN Superior Court, before his Honor Judge EURE and a jury.

The material question arising on the trial in the Superior Court, and the only point decided in this Court, was as to the exclusion of certain evidence.

The defendant introduced one Robinson, an acting Justice of the Peace in said county at the time the offence was alleged to have been committed, and proved that the prosecutrix, Penny Taylor, made application to him for a warrant against the defendant, for the crime for the commission of which he is indicted.

The counsel for the defendant asked this witness: "Did the prosecutrix, at the time she made application to you for the warrant, make various and contradictory statements?"

The Solicitor for the State objected to this question on the ground that it was leading; and that the witness should be asked to state the contradictory or repugnant statements, or the substance of them wherein they were repugnant. The witness stated that he could not recollect a single statement that she made, but that she made many contradictory statements about the matter; and that he (the witness) told her she was telling a pack of lies, and refused to issue a warrant.

The objection to the question and answer was sustained by the Court, and the evidence ruled out.

The jury returned a verdict of guilty. Judgment there-upon, and appeal by the defendant.

*A. M. Moore,* for defendant.
*Attorney General Hargrove,* for the State.

BYNUM, J. The prosecutrix had been examined as a wit-ness in behalf of the State. It was competent for the defen-dant to impeach her credit in three ways : First, by dis-proving the facts stated by her, by the testimony of other witnesses. Second, by evidence of her general character af-fecting her credit. Third, by proof that she had made state-ments out of Court contrary to what she had testified at the trial. It was for the latter purpose that Robinson was intro-duced by the defendant. But before he could be examined to impeach another witness by proving inconsistent state-ments made by her, the impeached witness must be asked as to such statements, in order that she may have an opportu-nity to explain them. This is the rule adopted in Eng-land, the United States Courts and in this State. *The Queen's. case,* 2 Brod. & Bing., 313 ; *Conrad* v. *Griffey,* 16 How. 38 ; 1 Greenl. Ev. sec. 460-3 ; *Hooper* v. *Moore,* 3 Jones, 428.

The counsel for the defendant put this question to his witness : " Did the prosecutrix, at the time she made appli-cation for the warrant, make various and contradictory state-ments? "

The question was objected to by the Solicitor for the State, who suggested that the witness should be asked to repeat the alleged contradictory or repugnant statements or the substance of them. And upon the witness saying ".that he could not recollect a single statement that she made, but that she made many contradictory statements about the matter, and that he told her she was telling a pack of lies, and that he refused the warrant," the objection was sustained and the question and answer were ruled out.

There is no error in this ruling of his Honor.

The impeaching witness could not recollect any statement or the substance of any made by the prosecutrix. If her statements had been inconsistent with her evidence, whether they were material to the issue, on which ground only could they be held to be admissable, could not be seen by the Court. The witness failing to recollect or specify any previous statements of the prosecutrix, inconsistent or otherwise, his general inference that her statements were contradictory and false were not competent evidence. Such conclusions could be drawn only by the jury from specified statements, admitted or proved to have been made by her, which were material to the issue, and were inconsistent with her evidence on the trial. Such inconsistent statements, had they been in evidence before the jury, would have been competent to affect her credit for veracity.

There is no error. This will be certified.

PER CURIAM.                              Judgment affirmed.