(29 Misc. Rep. 356.)

### DONALDSON v. ALEXANDER.

(Supreme Court, Appellate Term. October 25, 1899.)

1. WITNESSES—IMPEACHMENT—JUDGMENT ROLL.
   An entire judgment roll, containing the stenographic minutes of the evidence taken thereon, is properly ruled out, where it is offered to impeach a witness, a large part of whose testimony, as shown by the minutes, embraces matter foreign to the issue in the action on trial.

2. SAME—CONTRADICTORY STATEMENTS.
   A witness not a party may be impeached by proof of contradictory statements made in another action in which he was a party.

3. SAME—PROOF OF STATEMENTS.
   Proof that a witness made different statements at another trial, and between other parties, may be made by the testimony of any person who heard the statements in the former trial, though the statements appear in the judgment roll containing the stenographic minutes of the evidence.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by John Donaldson against Richard Alexander. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward A. Alexander, for appellant.

Abraham I. Elkus, for respondent.

LEVENTRITT, J. The controversy in this case is for the unpaid balance of the plaintiff's bill for work, labor, and services. The sole question litigated was whether the defendant or one Brandt was liable for the debt. In another action against the same defendant, brought by Brandt, the latter gave testimony before a referee concerning the claim here in suit. The plaintiff called Brandt as a witness in his behalf on the trial of this action, and his testimony supported the plaintiff's contention. To meet this, the defendant sought to impeach Brandt's credibility by proof of contradictory statements made by him on the former trial. To that end he proffered the judgment roll containing the stenographic minutes of the evidence taken thereon. The proposed proof was excluded, and properly, because the offer was too broad, embracing matter foreign to the issue in this action, and having no possible bearing on the credibility assailed. Thereupon the defendant's attorney, who heard Brandt's statements in the first suit, took the stand to testify to those statements. The proposed evidence was ruled out, the following ground being assigned: "This is not the proper way to offer proof to show contradictory statements made by witnesses.  *  *  * The court calls attention, in connection with this ruling, that Louis Brandt, whose testimony is offered, is not a party to this action."

The ruling was erroneous, as the evidence was clearly admissible. The method adopted by the defendant's attorney to impeach was proper, and is applicable equally to parties and witnesses. Oderkirk v. Fargo, 61 Hun, 418, 422, 16 N. Y. Supp. 220. Any person who was present before the referee, and heard the testimony of Brandt, was competent to testify in respect to what was stated by him (Grimm

v. Hamel, 2 Hilton, 434; Pickard v. Collin, 23 Barb. 444); and it was unnecessary to have resort either to the stenographer or to his minutes (Nasanowitz v. Hanf, 17 Misc. Rep. 157, 159, 39 N. Y. Supp. 327, and cases cited). This error was prejudicial to the defendant, and the judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.