WEINHANER v. EASTERN BREWING CO. et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1. LANDLORD AND TENANT—PRESUMPTION OF TENANCY—EXTENT.
   The presumption that persons in possession of premises during the term of a lease hold under the lease extends to the general relation of the parties to the title, and not to an implication of a contract defining tenancy by the terms of a lease to which the tenant has not become a party by assignment or otherwise.

2. SAME—RECEIPT OF RENT—SUMMARY PROCEEDINGS.
   The receipt of rent from parties in possession of premises is sufficient for an implication of the relation of landlord and tenant, and authorizes summary proceedings for dispossession.

3. SAME—DISPOSSESS PROCEEDINGS—RIGHT TO RECOVERY—NOTICE.
   In proceedings to dispossess a tenant as a party holding over, where there is a failure of proof of tenancy under a lease, the landlord's right to possession is not shown in the absence of proof of the 30-days statutory notice.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Proceedings by Solomon Weinhaner, landlord, against the Eastern Brewing Company and others. From a final order for the landlord, the tenants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Jay C. Guggenheimer, for appellants.
S. H. Weinhander, for respondent.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 18, 1273.

BISCHOFF, J.   Upon the expiration of the term of a lease made to one Horan for 9 years and 11 months this proceeding was instituted by the landlord to dispossess the persons in possession as parties holding over.   Horan was not in possession, and the petition proceeded upon allegations to the conclusion that the tenants held as assignees of the lease, and not otherwise, the possession of the under-tenant being at the hands of the assignees.   There can be no question that the proof failed to connect the possession with the lease, and, while the presumption is that persons in possession during the term of a lease hold under the lease rather than in hostility to the landlord's title (Bradt v. Church, 110 N. Y. 543, 18 N. E. 357), the presumption has to do with the general relation of the parties to the title as otherwise affected by a hostile possession, and does not extend to the implication of a contract defining the tenancy by the terms of a lease to which the tenant has not become a party by assignment or otherwise.   The receipt of rent from the parties in possession sufficed for an implication that the relation of landlord and tenant existed (1 McAdam, Land. & Ten. § 31), and a summary proceeding was maintainable; but, failing proof of a tenancy under the lease, the possession was consistent with a tenancy at will or by sufferance, and the landlord, not being entitled to possession, as against them, upon a day certain, was bound by the statutory requirement for the 30-days notice incident to the termination of such a tenancy (Id. § 36).   There was a failure of proof of the landlord's right of possession under the allegations of the petition, and the final order cannot be upheld.

Final order reversed, and new trial ordered, with costs to appellants to abide the event.   All concur.