WEINHANDLER v. EASTERN BREWING CO. et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. LANDLORD AND TENANT—DISPOSSESSION—PROCEEDINGS—POSSESSION.

In a proceeding to dispossess defendant as a tenant holding over, the evidence considered, and *held* to show that defendant was in possession of the premises under a lease made by plaintiff to a third person.

2. SAME—ASSIGNMENT OF LEASE—PRESUMPTIONS.

Where a person other than the lessee is shown to be in possession of leasehold premises, the law presumes that the lease has been assigned to him, and that the assignment was sufficient to transfer the term and satisfy the statute of frauds.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by Solomon Weinhandler, landlord, against the Eastern Brewing Company and others. From a final order in favor of defendants, plaintiff appeals. Reversed.

See 85 N. Y. Supp. 354.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Sampson H. Weinhandler, for appellant.

Jay C. Guggenheimer, for respondent.

PER CURIAM. Upon a reconsideration of this case we are of the opinion that it was erroneously decided below, in that the justice felt himself constrained, under the opinion of this court on the prior appeal, to grant a final order to the tenants, whereas the new testimony adduced on the second trial was sufficient to supply the defect pointed out in our former opinion. The ruling, however, may be explained if the new testimony, consisting chiefly of documents, and its effects under the authorities, was not called to the justice's attention any better than it was to ours on the first argument of this appeal.

The single question in the case is whether the defendant the Eastern Brewing Company was in possession of the premises involved in this action under the lease made by the plaintiff to one Horan, or whether it was merely a tenant at will or sufferance. In the former case, the present proceedings were properly brought; in the latter, the statutory notice was required to terminate the tenancy. Weinhaner v. Eastern Brew. Co. (Sup.) 85 N. Y. Supp. 354. On the first trial neither landlord nor tenant busied themselves much with the devolution of the original lease to Horan made in May, 1893, for 10 years, and the rights and liabilities of the parties thereunder. The defense then relied on substantially conceded the possession under the lease, but resisted dispossession on the plea of an oral promise to grant a lease for another year. This was the sole issue submitted to the jury, and was promptly resolved against the defendants. On appeal we held that it was still open to defendants to question the devolution of title, that the plaintiff's proof went no further than establishing the conventional relation of landlord and tenant by the receipt of rent, and that to save these proceedings he must connect the defendants' possession with the Horan lease. We are of the opinion that this has been done both as a matter of fact and law.

By various mesne assignments, with which we need not now concern ourselves, the Horan lease came into the possession of the Colonial Brewery. Up to that point there can be no question but that possession was under the lease. At the first trial an assignment of the lease by the Colonial Brewery was shown, without tracing title back to it. At the second trial a reassignment was shown by the assignee to the Colonial Brewery Company, together with a lease to another party of a portion of the premises made some time thereafter, and which is only consistent with possession under the lease.

The assets of the Colonial Brewery were sold in bankruptcy under a bill of sale, in evidence on the second trial, to the defendants Katz and Stein, who at the time and since were, and have been respectively, the president and the secretary and treasurer of the defendant brewing company. This bill of sale, while not in words specifying the Horan lease, unquestionably conveys it, if title there-

89 N.Y.S.—2

to was theretofore in the Colonial Brewery. The record shows
that the Colonial Brewery had title. The appointment of the re-
ceiver in bankruptcy did not terminate the relation of landlord and
tenant. They took the unexpired term of the lease as an asset of
the bankrupt, and, when in their bill of sale they sold to the defend-
ants Katz and Stein all the "property, assets, and effects of the said
Colonial Brewery," it divested the latter of the assigned lease, and
vested title in the purchasers. In view of the form in which the
bill of sale is drawn, it is unimportant that the lease is not specif-
ically set out in the schedule. The schedule assumes merely to
set out certain items of movable personalty as to which there might
be dispute or doubt as to the quantity. That this is the correct
construction is quite apparent from other parts of the instrument.
Thus the bankrupt's loan and mortgage accounts are not specified
in the schedule, and yet that they passed under the previous trans-
fer of all the "property, assets, and effects" is apparent by certain
provisions in sections following the schedule, which do not in terms
sell the accounts, but assume that they have been sold. In other
words, the schedule does not purport to be a complete enumeration,
but merely to define certain items of personalty. The Horan lease
is not excepted by any provision of the bill of sale, and clearly
passed to the defendants Katz and Stein. That Katz and Stein
bought on behalf of the defendant Eastern Brewing Company is not
reasonably open to question on the state of the record. At the first
trial it was conceded that such tenancy as existed was that of the
brewing company, the defense being that a renewal of one year had
been promised to the brewing company. Rent was paid by the
brewing company as such; it had entered into possession; its presi-
dent admitted that it had bought out the assets of the Colonial
Brewery. Frequent answers of the president, Katz, both on direct
and on cross-examination, proceeded on the assumption and recog-
nition of an existing lease by and on behalf of his company. With-
out reviewing the testimony, it will be sufficient to say that we be-
lieve that the claim of proof from Horan to the defendant Eastern
Brewing Company is complete, and that there has been no effective
destruction of the privity of estate necessary to sustain these pro-
ceedings.

On the state of facts now disclosed, we think the case of Frank
v. N. Y., L. E. & W. R. R. Co., 122 N. Y. 197, 25 N. E. 332, now
first sufficiently called to the court's attention, becomes a con-
trolling authority. This case answers nearly every objection raised
by respondents. Their own citation from this case is misleading,
as they quote as authority the statement of a principle which the
court qualifies by asserting that it is "open to question." The state-
ment of the legal proposition actually decided in that case may
well be invoked in support of our present conclusion on the facts
as now developed. "Where a person other than the lessee is shown
to be in possession of leasehold premises, the law presumes that
the lease has been assigned to him. * * * It further presumes
that the assignment was sufficient to transfer the term and satisfy
the statute of frauds. * * * The appellant company, therefore,

under the facts proved, became prima facie liable as assignee of the lease during the period that it operated the road. This involved the obligation to perform all covenants running with the land that were broken during said period, including the covenant to pay rent, or that which stood in the place of rent.  *  *  *"  Pages 219, 220, 122 N. Y., page 337, 25 N. E.

The Frank Case is also authority for the proposition that, while the person sought to be charged as assignee may rebut the presumption by proof of the actual facts, yet the burden is on him. But in that case, as in this, "there was a failure to meet the burden of proof resting on the putative assignee, and hence the presumption arising from possession ripened into a fact." Page 220, 122 N. Y., page 338, 25 N. E.

We think the final order should be reversed and a new trial ordered, with costs to the appellant to abide the event.