## WEINHANDLER v. EASTERN BREWING CO. et al.

### (Supreme Court, Appellate Term. March 21, 1905.)

1. STATEMENTS OF WITNESS ON FORMER TRIAL—PRIMARY EVIDENCE—STENOGRAPHER'S MINUTES.

Stenographer's minutes of evidence given by a witness on a previous trial are not primary evidence of what he testified to, so as to render the evidence of a person who was present at the trial and heard the statements then made by the witness objectionable as secondary.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1241, 1295, 2420, 2422.]

2. SAME—PREJUDICE.

Where, in summary proceedings to recover possession of real property, defendant made no claim under an alleged oral lease until the third trial, and there was a sharp conflict of evidence as to what took place when such lease was alleged to have been made, the erroneous exclusion of evidence that defendant's witnesses had not testified on two former trials with reference to such parol lease on the ground that the stenographer's minutes of what they so testified to was the best evidence was not harmless.

3. SAME—APPEAL—OBJECTIONS NOT MADE AT TRIAL.

An objection that a question to which an objection was erroneously sustained was not in proper form cannot be made for the first time on appeal.

4. SAME—BURDEN OF PROOF.

Where, in summary proceedings to recover real property, defendant claimed possession under an alleged new parol lease, the burden was on it to establish the making thereof.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings to recover real property by Solomon Weinhandler against the Eastern Brewing Company and others. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Sampson H. Weinhandler, for appellant.

Jay C. Guggenheimer, for respondents.

SCOTT, J. In this proceeding to dispossess tenants for holding over there have been three trials and two previous appeals to this court. Upon the first appeal a final order in favor of the landlord was reversed because there was a failure of proof of the landlord's right to possession under the allegations of the petition. 85 N. Y. Supp. 354. Upon a retrial a final order was made in favor of the tenants, which was reversed on appeal because it was considered that upon the evidence then presented it had been sufficiently established that the tenant held under a lease originally made to one Horan, and was not a tenant at will or sufferance, and therefore that the landlord had made out a case under his petition. 89 N. Y. Supp. 16. The claim of the plaintiff is that the tenant, Eastern Brewing Company, went into possession of the premises in question under a lease made to one Horan in 1893, which expired on May 1, 1903; and, without detailing the evidence, it is sufficient to

say that upon the testimony and the stipulations in the present record that claim is abundantly sustained. Up to the present trial the tenant appears to have relied upon what it assumed to be the failure of the landlord to establish this claim, but, that reliance having been destroyed by the latest opinion in this court, the tenant now falls back upon a defense contained in its answer to the effect that in March, 1902, fourteen months before the Horan lease expired, the landlord made a verbal lease for one year from May 1, 1903, and upon the trial the one question submitted to the jury was whether or not such a lease had been made, both sides apparently agreeing that this was' the only question of fact involved in the case. The contention on the part of the landlord was that on a certain date in March, 1902, the landlord's wife, acting as his agent, made the alleged lease, and two of the tenant's witnesses— Stein and Katz—testified that at that time the terms of the new lease were discussed and agreed upon. A witness called for the landlord in rebuttal testified that he had been present at both of the former trials, and had heard both Katz and Stein testify. He was then asked as to Mr. Stein: "Did he at any time testify that at the conversation on March 1, 1902, the terms of the lease ending May 1, 1903, or the terms of the lease to take place, as he claims, from May 1, 1903, were spoken of?" The same question was asked respecting the witness Katz. Both of these questions were objected to on the sole and specific ground that the stenographer's minutes were the best evidence, and this objection was sustained. It is perfectly apparent that this ruling was erroneous. It is not, and never was, the rule that the stenographer's minutes are the best evidence of what has taken place upon a trial in the sense that other evidence is secondary. On the contrary, any person who is present at a trial and hears the evidence is competent to testify with regard thereto. We cannot say that the error was harmless. There was a sharp conflict of testimony as to what took place when the new lease is alleged to have been made, and it certainly would be a significant circumstance if the witnesses for the tenant had remained silent as to an important feature of the conversation during two trials, at both of which they testified, and had for the first time given testimony upon the subject upon the third trial.

It is suggested that the questions were objectionable in form. Whether this be so or not it is not pertinent to inquire. If any such objection had been made, it could have been met by a change in the form of question. It was not made, however, and cannot be considered now.

We are also of the opinion that the verdict of the jury should have been set aside as against the evidence. The burden of proof to establish the fact of a new lease rested upon the tenant, and that burden was not sustained. The evidence of the tenant's witnesses was far from convincing, and in some particulars they contradicted each other. Giving their testimony the most favorable construction to which it is reasonably open, it goes rather to establish an agreement to make a lease in the future than a present lease. Such an

agreement would not, of course, be an answer to the landlord's claim to possession. Upon the whole case, as well as for the specific error pointed out, we consider that the order appealed from should not stand.

Final order reversed, and new trial granted, with costs to appellant to abide the event. All concur.