## DICKMAN v. MacDONALD.

### (Supreme Court, Appellate Term. June 1, 1906.)

EVIDENCE—PRIMARY EVIDENCE.

Where in an action for work and materials defendant pleaded a judgment in a former action involving the items sued for, plaintiff and his attorney present at the former trial were competent to testify as to the testimony of the former trial, and as to an amendment to the complaint therein, so as to withdraw the claims sued for; such evidence being primary.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 539.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Morris Dickman against George A. MacDonald. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Moss & Feiner, for appellant.

A. Lamont, for respondent.

DAVIS, J. The plaintiff brought this suit upon a claim for work and materials assigned to him by David Popkin. The amount sought to be recovered is $37.50, and is made up of $25 for plumbing, $3 for polishing a boiler, $1 for bracket and tips, 50 cents for repairing a chandelier, and $8 for repairing a stove. The rendition of the services and the furnishing of the materials were fully proved at the trial; the defendant offering no evidence on those items. The defendant claimed that in a former action between the same parties, in which the plaintiff recovered a judgment, the plaintiff litigated the claim here sought to be established, and that therefore this action is barred. In support of his contention the defendant was allowed to put in evidence a so-called "judgment roll" in an action brought by the plaintiff here against this defendant in the Eleventh district of the Municipal Court. These papers consist of a summons with its indorsement; and a complaint with a notice of lien, and were brought from the clerk's office in the Eleventh district. The plaintiff admitted on the stand that the items sued for in this action were part of the items for which he sued in the former action. From the so-called "judgment roll" it appears that plaintiff recovered only a part of his claim as demanded in his complaint. Plaintiff then sought to show what actually was litigated at the former trial, and upon what theory he recovered his former judgment. He did this

with a view of proving that the claim here sued upon, though included in the complaint in the former action, could not be litigated in that action, and formed no part of the judgment therein, but was withdrawn by consent before judgment. His right to do this seemed not to have been disputed. White v. Madison, 26 N. Y. 117; Bowe v. Wilkins, 105 N. Y. 322, 11 N. E. 839; Doty v. Brown, 4 N. Y. 71, 53 Am. Dec. 350; Dear v. Reed, 37 Hun, 594; Campbell v. Butts, 3 N. Y. 173. But when the plaintiff sought to prove by his own testimony what took place on the former trial he was not allowed to do so. For instance, the plaintiff was asked to give his best recollection as to what the testimony was on the former trial as to the plumbing work. This question was objected to, and the objection was sustained; the court stating as the ground of its ruling "that it is necessary to produce the best evidence as to what took place on the trial of the action, and the recollection of this witness is not the best evidence." This ruling was error. The testimony of the plaintiff as to what took place on the former trial, if it happened in his presence and hearing, is primary evidence, not secondary. His evidence is primary to the same extent as that of a stenographer who testifies as to what took place. The one testifies from recollection unaided by notes, while the other testifies from a recollection refreshed by his notes of the testimony. In sustaining this objection the court said it was necessary to produce the best evidence. This was clearly an intimation that it was necessary for the plaintiff to produce the stenographer and his minutes in order to furnish the best evidence. While the testimony of a stenographer is primary evidence of what took place on the trial, at which he was present, it is not so to the exclusion of the testimony of other persons who were present, and heard what took place at the trial. Weinhandler v. Brewing Co., 46 Misc. Rep. 584, 92 N. Y. Supp. 792. A similar error was made in excluding the testimony of Mr. Sperling, the attorney who conducted the former trial for the plaintiff. This witness was asked if he recalled that during the course of the former trial he moved to amend the complaint, so as to withdraw the claim for plumbing work. This question was excluded over defendant's objection. This question was followed by another of the same kind, and excluded over defendant's objection. Both of these questions should have been allowed in order to give the plaintiff an opportunity to meet the defendant's claim of res adjudicata. Whether or not the plaintiff's claim is barred by the judgment on the former action is not determined on this appeal.

For these reasons, the judgment below should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.