STATE v. I. L. HOOPER.

(Filed 22 September, 1909.)

1. Evidence—Notes of Committing Justice.

The notes of evidence made by a committing magistrate upon the hearing are not conclusive as to the testimony of witnesses examined.

2. Same—Parol Evidence—Independent Recollection.

On the trial in the Superior Court it is competent for purposes of contradiction, to offer parol evidence as to what a witness testified to upon such preliminary examination.

APPEAL from *Peebles, J.*, March Term, 1909, of PASQUOTANK.

Indictment for attempted burning of a dwelling house, the property of Tennie Walker.

There was a verdict of guilty. The defendant was duly sentenced, and appealed.

The facts are sufficiently stated in the opinion of *Mr. Justice Brown.*

*Attorney-General* for the State.

*W. M. Bond, J. Heywood Sawyer* and *Aydlett & Ehringhaus* for defendant.

BROWN, J. Upon the trial, Miles Jennings was a most important witness for the State, and upon the accuracy of his testimony very largely depends the identification of defendant Hooper, whom said witness states he saw as he was leaving the empty house at the time of the fire.

On the trial, defendant offered E. L. Sawyer, an officer, who committed defendant for trial, for the purpose of contradicting Jennings. Sawyer testified: "I am judge of the Criminal Court. Jennings was sworn and examined at the trial." The defendant asked witness if he remembered the testimony of witness Jennings at the trial before him in this cause, and, if so, to state what he said as to the identification of the defendants. Witness

stated that he reduced the testimony to writing and had same in his hand. The State objected; objection sustained, and defendant excepted. Witness produced his notes of the testimony, which were introduced.

We do not think that this exception can be sustained, for the reason that it does not appear that Sawyer had any independent recollection of any material evidence which he had not set down in his written notes of the evidence which were introduced by the defendant, who got the benefit of them. But we are impelled to the conclusion that his Honor erred in rejecting the evidence of Mrs. Jarvis Seeley, and that such error was highly prejudicial to the defendant. She was asked if she recalled the testimony of Jennings before the trial justice, and, upon answering in the affirmative, was asked to state what Jennings swore to at the trial as to the identification of Hooper. Objection by the State, for the reason that testimony of Jennings had been reduced to writing by the trial justice. Objection sustained, and defendant excepted.

It is plain that the purpose of defendant was to contradict Jennings by proving by Mrs. Jarvis what he testified to before the committing court. It was perfectly competent to prove by parol evidence that Jennings had made contradictory statements as to the identification of the defendant. *State v. Wright,* 75 N. C., 439; *State v. Roberts,* 81 N. C., 605; *State v. Lyon,* 81 N. C., 600. The fact that the court had made notes of the evidence did not make such notes the only and the conclusive evidence. Such notes are usually offered to refresh the recollection of the official who made them (*State v. Adair,* 66 N. C., 298), and it may be that they are competent as far as they go as independent evidence. *State v. Pierce,* 91 N. C., 612. But it has never been held that such notes are the only and the conclusive evidence of what the witness testified to. The exception must be sustained.

There are other assignments of error which it is unnecessary to consider, as the defendant is entitled to a

New trial.