THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHNNY
COLON, Appellant.

First Department, March 3, 1953.

*Samuel Marlow* of counsel (*Louis L. Moses,* attorney), for appellant.

*Jack M. Cotton* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney, New York County,* attorney), for respondent.

Cohn, J.   At the trial in the Court of Special Sessions, the complaining witness testified that on January 1, 1951, she spoke to defendant at his office about renting an apartment, and he told her of a furnished apartment on East 114th Street.   After inspecting the apartment with its alleged owner one Sanchez, she returned to defendant's office and advised him that she would rent the apartment.   Upon demand of defendant, she paid him the sum of $500 for the furniture therein.   Three days later she returned to obtain possession of the premises, but defendant would not permit her to gain possession unless she paid an additional $500 " For the sale of the apartment ".   Thereupon, according to her testimony, she paid him an additional $500 plus $90 as rental for the months of January and February.   She then moved into the apartment.   Several months thereafter, learning that the building was either condemned or about to be condemned, she made a complaint in the Magistrate's Court against defendant and Sanchez, charging each with withholding $500 of her money.

In an attempt to contradict portions of the complainant's story, defendant called as a witness one Perry Leighton, an attorney, who represented him in the Magistrate's Court.   This attorney stated that complainant had testified in the Magistrate's Court on the preliminary hearing there held and that he remembered her testimony.   When asked to relate that testimony as he recollected it, upon objection, he was not permitted to answer.   After further testimony was adduced on behalf of defendant, this witness was recalled and again questioned concerning the testimony given by complainant in the Magistrate's Court, and again the court barred all answers, each time upon the ground that the minutes of the Magistrate's Court were the best evidence of what had transpired there.

Apparently the attorney was prepared to testify that there was a discrepancy in the testimony of complainant: (1) as to the amount of money she was compelled to pay (2) as to the persons who had exacted the unlawful payments from her and (3) as to the terms under which payments were made.   Leighton's testimony was thus offered to discredit the testimony of the complaining witness by showing discrepancies in her story,

and for the purpose of showing what were claimed by defendant to be the actual facts. The rulings of the court excluding the testimony were erroneous. The best evidence rule requires that one who desires to prove the contents of a writing, do so by producing the writing itself unless sufficient reason is shown for its absence (*Mahaney* v. *Carr*, 175 N. Y. 454, 461). However, the stenographer's minutes are not within that rule, for what was sought to be proved here, was what the witness testified to, and not what the court stenographer wrote. (*McRorie* v. *Monroe*, 203 N. Y. 426, 430; Richardson on Evidence [7th ed.], § 210.)

The law is well settled that for the purpose of impeaching or contradicting a witness, his former testimony may be proved by the oral testimony of any person who heard him testify at the former trial and who can state that he remembers the substance of the former testimony. This doctrine has been repeatedly adhered to in this State (*McRorie* v. *Monroe*, 203 N. Y. 426, *supra*; *People* v. *Robins*, 242 App. Div. 516, 519; *Babecki* v. *Kurzon, Inc.*, 181 Misc. 11, 12; *Weinhandler* v. *Eastern Brewing Co.*, 46 Misc. 584; *Donaldson* v. *Alexander*, 29 Misc. 356; *Grimm* v. *Hamel*, 2 Hilt. 434, 435), and is well recognized in other jurisdictions. (4 Wigmore on Evidence [3d ed.], § 1330, p. 651; 11 A. L. R. 2d, §§ 2, 20, 29, 42; *Johnson* v. *Powers*, 40 Vt. 611; *McGeoch* v. *Carlson*, 96 Wis. 138; *State* v. *McDonald*, 65 Me. 466; *State* v. *Archer*, 54 N. H. 465; *State* v. *Hooper*, 151 N. C. 646; *Napier* v. *Commonwealth*, 306 Ky. 75; *Crane* v. *State*, 157 Miss. 548; *State* v. *Fetterly*, 33 Wash. 599).

In *McRorie* v. *Monroe* (203 N. Y. 426, 430, *supra*) the New York Court of Appeals in citing with approval the apposite rule as declared in *State* v. *McDonald* (65 Me. 466, *supra*) said: '' In *State* v. *McDonald* (65 Maine, 466) the government, to impeach one of the defendant's witnesses, offered to show that he testified differently, at a former trial, by a witness who was present and heard him testify. The testimony was objected to on the ground that it was not the best evidence and that the legally appointed stenographer who took notes of the testimony could give better evidence. The objection was overruled and the impeaching witness allowed to testify. This action on the part of the trial court was approved by the Supreme Judicial Court of Maine, which said through WALTON, J.: ' A witness may be impeached by showing that he testified differently at a former trial; and his former testimony may be proved by any one who heard and recollects it. There is no rule of law which makes the stenographic reporter the only competent witness in such a

case. The rule which requires the production of the best evidence is not applicable. * * * It has nothing to do with the choice of witnesses. It never excludes a witness upon the ground that another is more credible or reliable.' ''

Upon this appeal the People do not question the competency of the testimony which was excluded. They contend, however, that the application of the well-established rule to the present case seems to be '' unfair and illogical ''. It is argued that the minutes in the Magistrate's Court might readily have been made available for the precise determination of what actually transpired. These minutes if at hand could doubtless have been properly employed by the People in rebuttal, or they might have been used to cross-examine Leighton to show that his testimony was inaccurate or incorrect. However, resort by defendant to the stenographer or his minutes of the proceedings in the Magistrate's Court was not imperative nor could testimony of the official reporter be regarded as within the rule requiring the best evidence. Of course, the weight and credibility of the testimony of Leighton, when received, is properly a matter for consideration by the triers of the issues of fact.

Sufficient is shown in the record here to establish that by the testimony of the proffered witness, defendant might have been in a position to prove significant inconsistencies and discrepancies in complainant's story. What effect this impeaching testimony, if received, might ultimately have had upon the question of defendant's guilt is a matter which cannot now be determined. The defendant is entitled to a fair trial in accordance with well grounded rules of evidence, and where, as here, there has been excluded competent evidence which might affect the result, he is entitled to a new trial.

The judgment of conviction should accordingly be reversed and a new trial ordered.

PECK, P. J., DORE, BREITEL and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered.