Daniel E. Macken, J.
Plaintiff in this personal injury automobile negligence case has applied for an order permitting him to inspect a statement taken from him by a representative of defendant’s insurance carrier. It is alleged by plaintiff that he was injured while riding as a passenger in his own automobile being operated by the defendant, and it appears that plaintiff is the “ insured ” named in the policy under which the case is being defended.
On two occasions, while hospitalized for treatment of his injuries, plaintiff was questioned by a representative of the insurance carrier in the presence of a court reporter, and plaintiff by this motion seeks to inspect the reporter’s transcript of the interviews. Whether or not plaintiff signed such transcripts does not appear, but it is claimed in the moving papers that as a result of his injuries plaintiff is unable to write.
If the statements were signed by the plaintiff, he is entitled to inspect and copy them. (Wilhelm v. Abel, 1 A D 2d 55 ; Swartzman v. Sova, 11 Misc 2d 691 ; Andolino v. Polvino, 21 Misc 2d 930.)
*858 If the transcribed statements were not signed by him, plaintiff may not inspect them. To be subject to inspection pursuant to section 324 of the Civil Practice Act, the document or paper must itself be evidence. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29 ; Urbina v. McLain, 4 A D 2d 589.) A statement signed by a party may be received in evidence as an admission. An unsigned reporter’s transcript of a party’s oral statements may not. (People v. Colon, 281 App. Div. 354, 356 ; Bassney v. Erie R. R. Co., 24 Misc 2d 350 ; Richardson, Evidence [8th ed.], § 549.)
An order may be entered requiring the defendant or his attorney within five days after service and entry of the order hereon to serve and file an affidavit stating whether or not any statement has been signed by plaintiff. (Baron v. Kings-Suffolk Realty Corp., 4 Misc 2d 587, 593.) If the affidavit is in the affirmative, plaintiff may inspect and copy any such signed statement and, if he wish, at his expense order and obtain copies from the reporter. If the affidavit is in the negative, the motion is denied. In the latter event, in view of the reasons advanced by our courts for permitting inspection of plaintiffs’ signed statements to defendants, “ special circumstances ” may be here present warranting plaintiff’s examination of the reporter pursuant to section 288 of the Civil Practice Act, and the denial of the motion shall be without prejudice to an application by plaintiff for such relief.