Louis G. Bruhn, J.
This is a motion by the plaintiffs in the nature of a discovery and inspection of a transcript of questions put to them and answers given by them immediately following the accident, the source of this litigation.
It appears that such questions and answers were put to them by an attorney for the defendant and reported and transcribed by a stenographer in his employ. However, the same were not signed by either of the plaintiffs.
There appears little doubt that, had these transcripts been signed by the respective plaintiffs, copies thereof could be obtained by them from the defendant. (Bassney v. Erie R. R. Co., 24 Misc 2d 350; Whatley v. Colbert, 28 Misc 2d 857.)
The question involved here is whether statements taken from parties, even though unsigned, may not be the proper subject of a discovery and inspection.
Both of my very learned colleagues in the cases cited, supra, relied on the leading case in this Department of Wilhelm v. Abel (1 A D 2d 55).
While it is true that as a matter of fact, the Wilhelm case involved a signed statement it should be noted that the court in *990 announcing its decision did not specifically refer to a signed, statement but merely to a written statement.
Furthermore, it is well to note that in advancing its reasons for a change from the old rule of “ special circumstances ” it went on to say (pp. 56-57): “ The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement.” (Italics supplied.)
Viewed in the light of such purposes and the policy of liberality this court can see no valid reason for making a distinction between a signed or unsigned written statement of a prospective party.
Consistent with such purposes and policy this Department in Del Ra v. Vaughan (2 A D 2d 156, 157-158) stated: “ The condition imposed at Special Term is consistent with the practice in the Third Department requiring disclosure of contents of statements given by a party to a representative of an adverse party (Wilhelm v. Abel, 1 A D 2d 55). The earlier decision of the court in Meehan v. McCloy (266 App. Div. 706) is in the same direction.” (Italics supplied.)
Curiously, in the Meehan case (supra) the court stated: “ While it appears at this stage of the litigation that the plaintiff probably would not be permitted to put her statement in evidence as a part of her affirmative case, nevertheless, she might be cross-examined with relation thereto or the defendants might offer it in evidence.” (Italics supplied.)
There is no doubt that 1 ‘ the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made.” (Reed v. McCord, 160 N. Y. 330, 341.)
Since the primary purpose of such statements is use on cross-examination and since the only distinction between admissions in a signed statement and those made, written and unsigned involves a method of proof, such reason does not appear forcible enough to justify any distinction or denial. (See, also, Baron v. Kings-Suffolk Realty Corp., 4 Misc 2d 587: Chertoff v. Gagola, 15 A D 2d 873.)
*991 Any suggestion that discovery and inspection is available only as to documents which are themselves evidence no longer seems to hold true. (Lachowitz v. Child’s Hosp., 32 Misc 2d 386.)
Therefore, for the reasons stated the motion is granted and defendant is directed to supply written transcripts to the plaintiffs of the questions and answers received from them, upon condition that the plaintiffs pay, in advance, any reasonable charge for their transcription or duplication or be permitted to duplicate them at their own expense.