Maximilian Moss, S.
In this proceeding to probate a purported last will and testament, proponent moves for an order directing respondents either to file in court or furnish proponent with a photocopy of a written statement obtained from the subscribing witnesses before their examination pursuant to section 141 of the Surrogate’s Court Act. The statement was taken by a representative of the attorneys for respondents, a brother and sister of the deceased who were excluded from sharing in the estate. Respondents contend that such statement is a “ work product” and therefore not subject to examination, and that subscribing witnesses are not parties to a probate proceeding (Civ. Prac. Act, § 324).
It appears that this is a case of first impression in the Surrogate’s Court. There have been innumerable civil and criminal cases in other courts dealing with discovery and inspection of statements of parties and witnesses. In the main, such cases have evolved a liberal construction of applicable statutes. However some have drawn a distinction between statements of witnesses and of parties, refusing to allow examination of statements of witnesses while permitting examination of statements of parties (Urbina v. McLain, 4 A D 2d 589). Even this distinction has been somewhat obliterated in later cases (Beyer v. Keller, 11 A D 2d 426) where examination of the statements of witnesses was granted under unusual circumstances. The present day policy leans toward complete pretrial disclosures by all parties of all available material evidence (Mudge v. Hughes Constr. Co., 16 A D 2d 106).
The distinction between a witness and a party is inapplicable in a probate proceeding where the witness is a subscribing wit *697 ness to the propounded instrument. A subscribing witness is a person necessary to the probate of a will. Section 141 of the Surrogate’s Court Act requires that the subscribing witnesses be produced and examined before a Avritten will is admitted to probate. In Matter of Ferris (193 Misc. 1044) the court stated that “ Since they [witnesses] are depended on by a testator as guarantors of the validity of his testamentary act there is warrant for requiring them to disclose at the first opportunity every fact within their knowledge bearing on the worth of their guarantees ”. Subscribing witnesses to a will as guarantors of the validity of the decedent’s testamentary act therefore OAve not only to the legatees under the decedent’s will but also to the decedent’s distributees and all other interested parties a full disclosure of every fact made by them in pretrial statements and in their examinations before trial concerning the worth of their guarantees. This is especially true when the party who seeks the examination before trial of the subscribing witnesses is already in possession of a signed statement of the witness to be examined. To deny a proponent a copy of a statement under such circumstances would not be the impartial full disclosure before trial of the facts required.
The law places squarely upon the Surrogate in mandatory language the duty to “ inquire particularly into all the facts and circumstances ” before admitting the will to probate (Surrogate’s Ct. Act, § 144). He must do this to “be satisfied Avith the genuineness of the will, and the validity of its execution “ The surrogate bears the burden of inquiring into the facts and circumstances of the execution and genuineness of the will and the competency of the testator " * * In so acting he is performing a judicial function which he cannot delegate.” (2 Jessup-Redfield, Surrogate’s Law & Practice, §§ 1178,1179.) In keeping with this duty the court itself would require the production of such statements whether or not requested by the proponent in order that all relevant facts be before the court.
Proponent’s motion is granted. An order may be submitted requiring the attorneys for respondents, within 10 days after service of the order herein, to serve and file with the court a photocopy of any statement or statements of the subscribing Avitnesses (Baron v. Kings-Suffolk Realty Corp., 4 Misc 2d 587, 593; Whatley v. Colbert, 28 Misc 2d 857).