In the Matter of the Estate of ALINE H. CLARK, Deceased.

Surrogate's Court, Erie County, February 23, 1967.

*Miles, Cochrane, Grosse, Rosetti & Lord* (*Lowell Grosse* of counsel), for proponents. *Lipsitz, Green, Fahringer, Roll, Schuller & James* (*Herald P. Fahringer, Jr.,* of counsel), for contestant. *James Rooney Walsh,* special guardian.

WILLIAM J. REGAN, S. In the pretrial stages of this contested probate proceeding counsel for proponents and opposing counsel journeyed to Wilmington, North Carolina to take the oral testimony of one of three subscribing witnesses to the purported last will and testament, all pursuant to a previous order of this court dated July 27, 1966.

At the outset of the examination counsel for proponents discovered for the first time that the witness had previously given a statement to representatives of counsel for contestant. Demand was thereupon made that a copy of the statement be immediately furnished to the witness before proceeding with the examination. Counsel for contestant refused on the ground that the subscribing witness was in fact a witness, as distinguished from a party in this proceeding, and that the statement in their custody constituted an attorney's "work product." As a consequence, counsel for proponents limited the scope of the examination of the subscribing witness to the testamentary acts of execution.

Counsel for contestant now moves this court to compel a full and complete examination of this subscribing witness and also for reimbursement as a charge against the estate for their expenses to be incurred in a second trip to Wilmington, North Carolina. Counsel for proponents cross-move for production of the aforesaid statement.

In a recent case of first impression in the Surrogate's Court this issue has been decided beyond cavil where the court stated: "The distinction between a witness and a party is inapplicable in a probate proceeding where the witness is a subscribing witness to the propounded instrument. A subscribing witness is a person necessary to the probate of a will. Section 141 of the Surrogate's Court Act requires that the subscribing witnesses be produced and examined before a written will is admitted to probate. * * * Subscribing witnesses to a will as guarantors of the validity of the decedent's testamentary act therefore owe not only to the legatees under the decedent's will but also to the decedent's distributees and all other interested parties a full disclosure of every fact made by them in pretrial statements and in their examinations before trial concerning the worth of their guarantees. This is especially true when the party who seeks the examination before trial of the subscribing witnesses

is already in possession of a signed statement of the witness to be examined. To deny a proponent a copy of a statement under such circumstances would not be the impartial full disclosure before trial of the facts required." (*Matter of Weeks,* 39 Misc 2d 696, 697, affd. 20 A D 2d 544; see, also, 16 Syracuse L. Rev., 448.)

Not only must there be an impartial full disclosure, but the Surrogate, in the performance of his judicial function to " inquire particularly into all the facts and circumstances " before admitting the will to probate (Surrogate's Ct. Act, § 144) a function which he cannot delegate (2 Jessup-Redfield, Surrogates' Law and Practice, §§ 1178, 1179) " would require the production of such statements whether or not requested by the proponent in order that all relevant facts be before the court." (*Matter of Weeks, supra,* p. 697.)

Proponents' motion is granted. In view of the foregoing, contestant's motion for travel expenses, etc., is denied.

An order may be submitted requiring the attorneys for respondents, within 10 days after service of the order herein, to serve and file with the court a photo copy of any statement or statements of this subscribing witness.