■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MULTARI EQUIPMENT CORPORATION and SALVATORE MULTARI, Respondents.—Appeals by the People from a trial order of dismissal, made February 29, 1972 by the County Court, Westchester County, pursuant to CPL 290.10, at the close of the People's case. Trial order of dismissal reversed, on the law and the facts, and new trial ordered. Defendants were indicted for grand larceny in the second degree, falsifying business records in the first degree and offering a false instrument for filing in the first degree. The basis for the charges was that defendants, retained by the City of Yonkers to aid it in snow removal operations in

February of 1969, claimed payment for employing personnel to engage in such operations for a total of 3,308 hours, whereas the hours actually worked by such personnel were much less. At the trial, Good, an investigator for the State Investigation Commission, offered to testify that at an interview before him and three other employees of the commission, defendant Salvatore Multari made certain possibly incriminating statements as to the equipment used and personnel employed by him with respect to such operations. However, the trial court refused to admit such proposed testimony since Good had admitted that he could not remember the exact questions that were asked of Multari and by whom they were asked, and the particular responses given thereto. No stenographic minutes were taken of the interview. In our opinion, the trial court erred in barring such testimony. Testimony by a witness of an admission by a defendant should not be excluded because the witness does not remember the whole conversation or recall the exact words used (see 22A C. J. S., Criminal Law, §§ 730, 735). Verbal precision in proving oral statements is not required. The substance or effect is sufficient (*State* v. *Davis,* 237 La. 577; *Edwards* v. *State,* 198 Md. 132; cf. *McRorie* v. *Monroe,* 203 N. Y. 426; *People* v. *Colon,* 281 App. Div. 354). That Good did not remember, *inter alia,* the questions asked, who propounded them, and the answers given, but allegedly remembered the substance of Salvatore Multari's answers, goes to the weight of the evidence, not to its admissibility. Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.