ELIZABETH PARKER and WILLIAM PARKER, Plaintiffs, *v.* BELLA L. BURGOYNE, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, April 19, 1938.

*Abraham J. Dere,* for the plaintiffs.

*Irving Segal* [*Sidney Rosansky* of counsel], for the defendant.

LEVY, J.   The plaintiffs sue for injuries received as a result of a falling ceiling in their apartment in defendant's tenement house. They now move to examine defendant before trial concerning notice to defendant, and her knowledge, of the defective condition of the ceiling.   The application is met by the contention that, in this Department, an examination before trial is refused in negligence cases, except as to ownership, operation and control.   (*Shaw* v. *Samley Realty Co.,* 201 App. Div. 433.)

The reason for the First Department rule is stated to be public policy.   Yet, the Second Department has consistently permitted a general examination as to liability and damages in tort cases. (*Nieves* v. *Citizens Savings Bank,* 243 App. Div. 816; *Hoeve* v. *Driscoll Co.,* 244 id. 808.)   The Third Department also permits such a general examination.   (*Combes* v. *Maas,* 209 App. Div. 330; *Breault* v. *Embossing Co., Inc.,* 253 id. 175).   The Fourth Department, too, is in accord.   (*Matter of Silverberg,* 243 App. Div. 854.)

Instead of being a structure in aid of uniformity, Brooklyn Bridge seems to be a point of judicial departure. " It is difficult to see why public policy should differ in different parts of the State " on this question. (Judicial Council of the State of New York, 1937, Third Annual Report and Studies, p. 252.) Certainly, in New York city as a whole there is no room for such conflict. But the Court of Appeals has repeatedly ruled that it has no power to review these conflicting decisions because the scope of the examination before trial rests in the sound discretion of Special Term. (*Middleton* v. *Boardman,* 240 N. Y. 552; *Public National Bank* v. *National City Bank,* 261 id. 316; *Herbage* v. *City of Utica,* 109 id. 81.)

The hardship of the general rule in the First Department had led the courts to make exception after exception to its application. (See articles on " Examinations before Trial in Negligence Cases in the First and Second Departments," N. Y. L. J., Aug. 30, Aug. 31 and Sept. 1, 1937.)

The still more unfortunate part of the legal situation is that there is no agreement, even among the justices in the First Department, as to when a so-called " exception " is or is not applicable. There exists, for example, a confounding judicial and professional doubt regarding the right in the First Department to examine a defendant before trial in a negligence action as to prior notice or knowledge of the defective condition complained of.

In the case at bar, which view of the law shall I take? Shall I deny the examination altogether? Or shall I permit questioning only as to actual notice? Or shall I authorize taking the defendant's deposition as to constructive notice as well? Whichever decision I make, I can cite respectable authority in this Department to support it.

In some cases examination as to notice and knowledge is refused. (*Dickens* v. *Brown,* N. Y. L. J. Aug. 17, 1936, p. 439 [citing *Thomaspolsky* v. *Gabriel Real Estate Corp.,* 236 App. Div. 671; *Bethol* v. *Marwit Realty Corp.,* N. Y. L. J. Sept. 22, 1933, p. 963; *Welwardt* v. *Kassewitz,* Id. April 27, 1936, p. 2134]; *Rosen* v. *1745 Fulton Ave. Corp.,* Id. Aug. 7, 1936, p. 359 [citing, *inter alia, Phelan* v. *Paskar,* Id. Sept. 26, 1935, p. 963]; *Howard* v. *Metropolitan Life Ins. Co.,* Id. Jan. 22, 1937, p. 361.)

Yet there is seeming binding authority to the contrary. (*Preiss* v. *O'Donohue,* 173 App. Div. 121; *Unger* v. *Land Estates, Inc.,* 250 id. 714. See, also, *Parker* v. *Poe Construction Co., Inc.,* N. Y. L. J. April 2, 1938, p. 1603; *Callahan* v. *Schmeidler,* Id. Sept. 29, 1937, p. 892; *Proskt* v. *Remnek,* Id. Sept. 10, 1937, p. 625; *Mazurkowitch* v. *Ella Realty Co.,* Id. June 19, 1935, p. 3162.)

Some courts allow examination as to actual notice, but not as to constructive notice. (*Chase* v. *Tanbeck Realty Corp.*, N. Y. L. J. Jan. 14, 1937, p. 218; *Asman* v. *Klein*, Id. March 19, 1937, p. 1376; *Molinar* v. *Seconic Realty Co., Inc.*, Id., Feb. 3, 1937, p. 582; *Smith* v. *210 East 68th St. Corp.*, Id. Oct. 15, 1935, p. 1285; *Tropp* v. *55 East Seventh St. Corp.*, Id. June 5, 1935, p. 2895; *Losacco* v. *Weisel Realty Co.*, Id. Feb. 15, 1936, p. 827.)

Other courts, however, do allow examination as to constructive notice. (*Kessler* v. *North River Realty Co.*, 169 App. Div. 814, 816; *Biggane* v. *Lydon*, N. Y. L. J. April 14, 1937, p. 1860.)

The brevity of the opinions, for the most part unreported, does not permit adequate factual analysis. Nor are the foregoing citations intended to be exhaustive. But it is clear that there is a confusing and unfortunate contrariety of opinion. Whatever the unexpressed basis for differentiation between the views of the First and other Departments on this general question may be, considerations of public policy are obviously not so variable in the First Department itself as to justify this apparently irreconcilable conflict. In my view this anomaly results directly from the restrictive rule in this Department and the attempts to avoid its operation.

It may be that remedial legislation alone will afford the bar and bench the necessary predicability as to this as well as other reforms in examination before trial procedure. (See Harold R. Medina, Correspondence, N. Y. L. J. April 10, 1935, " The Bar is exhorted to urge the passage of the pending bill concerning examinations before trial.") But legislative action is, unhappily, slow in this regard; and, in the meanwhile, the right to examination seems dependent not only upon which side of the East river the action is brought, but sometimes upon which court in Manhattan and The Bronx the application is made. Such a situation, it seems to me, is intolerable.

The frequency with which motions for this relief are made, and the vigor with which they are contested, have led me to tackle this *bete noire* of our practice and procedure, and to attempt to re-examine controlling principles.

The refusal of the First Department to allow examination before trial in negligence cases has not prevented ambulance chasing or accident frauds. (See Report, Sept. 26, 1928, of Hon. Isidor Wasservogel, Justice, Supreme Court; Report, Nov. 22, 1937, of Hon. Bernard Botein, Assistant District Attorney, New York county.) The language of the statute does not forbid an examination. (Civ. Prac. Act, art. 29.)

The efficacy and necessity of permitting an examination before trial are not difficult to see. Truth is discovered; issues are clarified;

delay is minimized; unfair surprise is obviated; miscarriages of justice are prevented. The knowledge obtained through an examination before trial undoubtedly tends to induce fairer settlements and to discourage hopeless lawsuits. True, the weapon may be abused. "But many instrumentalities for good can be twisted into instrumentalities for harm." (*Schonhous* v. *Weiner*, 138 Misc. 759, 761.) That is no reason to withhold a needed and beneficial remedy.

The great majority of the cases in this court are for personal injuries and property damage arising out of alleged negligence. Such suits are not to be considered stepchildren in the administration of justice. If permitted to be brought, they should be permitted to be thoroughly litigated. If such cases are permitted to be litigated, plaintiffs should not be deprived of the opportunity of examining defendants before trial in aid of that litigation.

In the instant case, "before a right of action will accrue in favor of the tenant, there must be notice, actual or constructive, of the defect to be repaired." (*Altz* v. *Lieberson*, 233 N. Y. 16, 18.) The burden of proof is upon the plaintiffs. Materiality and necessity are obvious. In my opinion public policy requires an examination as to these matters; at any rate it does not forbid it.

The motion is granted. The time and place of the examination are fixed in the order.