JEROME DEUTSCH, an Infant, by PHILIP DEUTSCH, His Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Bronx County, July 24, 1951.

*Abraham Dubensky* for plaintiffs.

*John P. McGrath, Corporation Counsel (Israel Myman* of counsel), for defendant.

MATTHEW M. LEVY, J. This action is against the municipality for damages for personal injuries allegedly arising when the infant plaintiff tripped on a sidewalk hole. The plaintiff now seeks to examine the City of New York as an adverse party before trial " by one of its employees having knowledge of the facts ", as to the defendant's actual notice of the condition of the sidewalk on the day of the accident, and as to the condition for a period of six months prior to the date of the accident. The plaintiff also moves for production of records of municipal violations in the borough president's office affecting the building premises at the site of the alleged defect in the sidewalk.

Objection is made by the corporation counsel that the notice is improper in form because (1) the person to be examined or the department in which he is employed is not specified, (2) the items are indefinite and conclusions of law, and (3) the violations have no relation to the issues and the documents with respect thereto should therefore not be required to be produced. The plaintiff submits no memorandum or precedents to aid the court. And while the defendant (contrary to proper practice — *Taylor* v. *African M. E. Church,* 265 App. Div. 858) has embodied in its opposing affidavit quotations from some opinions in support of its contention that the failure of the plaintiff to name the individual sought to be examined compels denial of the motion it has given the court only one side of the picture. Among the significant contrary authorities which the defendant failed to cite, and which were easily available — as the court found — are: *Ippa* v. *City of New York* (271 App. Div. 981); *Jarcho Bros.* v. *City of New York* (62 N. Y. S. 2d 481), and *Isgro* v. *City of New York* (62 N. Y. S. 2d 692). The case of *Murrain* v. *Wilson Line* (266 App. Div. 179) — also not cited — apparently supports the defendant's contention, although upon examination of the record it seems more likely that the decision there was due to the special circumstances of that case.

I am of the opinion that the plaintiff can hardly be expected to know the name of the city's employee who has knowledge of the condition of the sidewalk in question. The plaintiff has given us in his moving papers some inkling of his own thinking as to the city department he believes should have the key to the information he requests in the examination: The documents sought by the plaintiff to be required to be produced (which will be done pursuant to Civ. Prac. Act, § 296) are those in the office of the president of the Borough of The Bronx having to do with violations filed affecting premises known as 1013 Freeman Street and 1304–08 West Farms Road — being on the northeast corner of Freeman Street and West Farms Road — and may have a bearing on the issues of notice to and knowledge of the defendant's building inspectors as to the sidewalk condition. It may well be that the plaintiff is thus making a stab at identifying the appropriate city department whose personnel might best have knowledge of the facts. In any event, I believe that the defendant is the one most likely to have that information. The plaintiff has asked the city to produce not *all* of its employees having knowledge of the facts, but *one* of such employees. The

choice is the defendant's. The plaintiff should not be compelled to choose blindly, ignorantly or at random — and at the peril of making a wrong selection. That designation, incorrectly made, may result in loss of the right to examine altogether — as defendant perhaps hopes — or it may require successive applications until either one litigant or the other is exhausted and surrenders. That is not the kind of a game the administration of justice envisages. Nor should it be required that plaintiff make an omnibus or catch-all grouping of city bureaus — as seems to have been done to some extent in the *Ippa* case (271 App. Div. 981, *supra*) — and thus perhaps unnecessarily disrupt the conduct of normal city business. I suggest that where, as here, the plaintiff leaves it to the defendant to select one of the persons in its employ having knowledge of the material facts — that is, the condition of the sidewalk at the place of the accident — the plaintiff cannot be accused of unfair or harassing litigious tactics, is acting in good faith, and should not be denied the beneficent, necessary and time-saving opportunity of examining the defendant before trial.

Now, as to the items themselves. Assuming that it is the locale of the sidewalk involved in the accident about which the plaintiff is desirous of examining the defendant, the condition of the sidewalk is certainly not a conclusion of law. If the place appears in the language of the item to be worded indefinitely — '' easterly side of West Farms Road, between Freeman Street and Boone Avenue, in the Borough of the Bronx '' — the examination sought will be deemed limited by the other language in the notice of the motion, that is, to the location at or near the northeast corner of Freeman Street and West Farms Road. The contention by defendant that the other item — '' the defendant's actual notice of the condition '' — '' sets forth a conclusion of law '' is frivolous. Since the adoption of section 292-a of the Civil Practice Act — which expressly provides that in a negligence action where a public corporation is the defendant, '' the inquiry concerning the facts of negligence, liability or damages '' shall not be prevented or restricted — I certainly do not have to rely, even in this department, upon the authorities cited in *Parker* v. *Burgoyne* (167 Misc. 542) to warrant granting an examination as to notice of the defective condition complained of.

The motion is granted as indicated herein. Settle order on notice.