KATE LOWENBERG et al., Plaintiffs, *v.* BENJAMIN STAFFORD et al., Defendants.

Supreme Court, Special Term, Bronx County, July 28, 1953.

*Adolph F. Brunner* for Benjamin Stafford and another, defendants.

*Samuel Schacter* for plaintiffs.

MATTHEW M. LEVY, J. Two automobiles collided on an upstate highway in August, 1952. The principal plaintiff was a passenger in one of the vehicles. Alleging negligence, she sues the owners and operators of both. The action is pending in Bronx County and was noticed as a December, 1952, jury cause. In the light of the present congestion of the jury trial calendar in this court the trial is not likely to be had until some time in 1955. The plaintiffs served notice to examine one of the defendants before trial, and scheduled the taking of the deposition in New York County in July, 1953. The defendant to be examined resides in Warren County. He moves to modify the notice upon the sole ground that the deposition should not be taken at the time fixed.

The movant's attorney (as is the case with all the attorneys who have appeared in the action for the respective parties) has his office in New York County. The defendant makes no objection as to the place specified in the notice for the examination (cf. Civ. Prac. Act, § 300); but he asks that it be postponed

until such time as the action appears upon the ready day calendar for trial. The ground of the motion, as stated in the affidavit of the proponent's attorney, is that the defendant should " be required to make but one trip " to New York City — that is, at the time when the trial will be reached — and that " it would be a hardship for the defendant to come to New York City at this time to submit to an examination before trial ". The moving defendant argues that, as the injured plaintiff was a passenger in one of the two colliding vehicles, " the usual method of trying such cases is by calling the operator of each automobile ", and therefore " the necessity for this examination before trial is not apparent ", and it certainly " is not obvious " — says he — why the examination should be held at the present time, so long in advance of the trial.

My own view as to the tactical disadvantage generally suffered by a plaintiff who awaits the trial itself before procuring the testimony of the operators of two colliding vehicles was expressed some time ago in *Simon* v. *Lowenthal* (169 Misc. 718, 721, affd. N. Y. L. J., April 22, 1939, p. 1852, col. 7). I now go somewhat further, and add that I do not agree that extended delay in obtaining the examination before trial of the operator of the vehicle is sound as a matter of private practice or judicial administration. Indeed, since pretrial examinations in negligence cases have at long last been allowed and encouraged here as well as throughout the State (see Bronx County Supreme Court Rules for Trial and Special Terms, rule XIX; New York County Supreme Court Rules for Trial Terms, rule X; Rules Civ. Prac., rule 121-a, and Civ. Prac. Act, § 292-a), the hope and desire are that they will be held early rather than late in the progress of the litigation. Some of the advantages of the reform of the law in that regard (see *Parker* v. *Burgoyne,* 167 Misc. 542, 544–545) would clearly be frustrated were examinations before trial not held — as a rule — until the eve of trial. The parties should come to grips on this phase of the lawsuit as soon as possible so that the litigants in particular and the public in general may reap the beneficent results from such pretrial procedure — unless, of course, in any particular case there is just cause for delay.

No substantial reason for postponement is presented here. The claim of hardship is unsupported by any facts. No proof whatsoever of serious inconvenience, of undue burden, is presented (*Wolf* v. *Union Waxed & Parchment Paper Co.,* 148 App. Div. 623, 626; cf. *Holcomb* v. *Union Confectionery Mach. Co.,* 280 App. Div. 252). Glens Falls (where the moving

defendant resides) is but some 200 miles from New York City; and, in these days of comfort and celerity in travel, that distance alone should not suffice to delay the examination for several years.

Under the circumstances, the motion is denied. Settle order fixing a new date for the taking of the deposition. In the event the parties cannot agree, I shall of course endeavor to select as convenient a time as possible for them — consistent with this decision.