In the Matter of the INVESTIGATION INTO ALLEGED COMMISSION OF CRIMINAL ABORTIONS IN THE COUNTY OF KINGS.

County Court, Kings County, November 17, 1954.

*Edward S. Silver, District Attorney (Aaron Nussbaum* and *Michael Gagliano* of counsel), for motion.

*Adrian P. Burke, Corporation Counsel (Victor Herwitz* of counsel), opposed.

BARSHAY, J.  Pursuant to the provisions of section 619 of the Code of Criminal Procedure and article 19 of the Judiciary Law, the District Attorney moves for an order adjudging Dr. I. Magelaner, the superintendent of the Kings County Hospital, guilty of a criminal contempt of court, for his refusal to comply with and disobedience of a subpœna duces tecum duly issued and served upon him by the Additional Grand Jury for the December, 1953, term of this court, which was duly extended to October 1, 1954, directing him to produce " all papers, folders, charts and hospital records, of any and all persons treated at the Kings County Hospital for ' Abortion or Miscarriage ' (other than therapeutic) complete and incomplete, for the period beginning June 1, 1952, to and including August 31, 1952, and the further period beginning June 1, 1953, to and including August 31, 1953, and all other deeds, evidences and writings which you have in your custody or power concerning the premises."

On the return day of the subpœna, April 12, 1954, Dr. I. Magelaner, superintendent of Kings County Hospital, personally appeared before the Grand Jury and upon the advice of the corporation counsel of the City of New York, respectfully declined to honor the subpœna, on the ground that the said records were confidential communications between physicians and patients (Civ. Prac. Act, § 352), and on the further ground that the subpœna was too broad in scope.

The need for the service of a subpœna duces tecum on the superintendent of the Kings County Hospital arose from a Grand Jury investigation into criminal abortions allegedly committed in Kings County, originated by the publication in the *Brooklyn Eagle* of a statement by Dr. Louis N. Hellman, a director of obstetrics in the State University Medical Center, that there are approximately 1,200 to 1,500 abortions committed

annually in Kings County Hospital and that approximately half of that number are induced abortions. Dr. Hellman was promptly subpœnaed before the Grand Jury, gave testimony, and in furtherance of the investigation, the Grand Jury directed the issuance of the subpœna duces tecum in question. Section 90 of the Sanitary Code of the City of New York provides as follows: '' It shall be the duty of the manager, superintendent or person in charge of any hospital, sanitarium, dispensary or other institution for the care and treatment of persons in The City of New York and of every physician in said city to immediately notify the Department of Health by telephone of any case of abortion or miscarriage where criminal practice is discovered or suspected.''

It is the District Attorney's contention that in view of this section, the records called for by the Grand Jury subpœna are not privileged communications within the purview of section 352 of the Civil Practice Act. With that view, the court is in disagreement.

'' The rules of evidence in civil cases are applicable also in criminal cases ''. (Code Crim. Pro., § 392.) Section 352 of the Civil Practice Act is applicable in this proceeding: '' Physicians, dentists and nurses not to disclose professional information. A person duly authorized to practice physic or surgery, or dentistry, or a registered professional or licensed practical nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity; unless, in cases where the disclosure of the information so acquired by a dentist is necessary for identification purposes, in which case the dentist may be required to testify solely with respect thereto, or unless, where the patient is a child under the age of sixteen, the information so acquired indicates that the *patient has been the* victim or subject of a *crime, in which case* the physician, dentist or nurse *may be required* to testify fully in *relation thereto upon any* examination, trial or other *proceeding in which* the commission of such *crime is a subject of* inquiry.''

The exception which the Legislature saw fit to make applies where the patient is a child under the age of sixteen and the information so acquired indicates that the patient has been the victim or the subject of a crime in which case the physician may be required to testify. There is no evidence in the proceedings before the Grand Jury indicating any fact to which the exception applies. Should the investigation reveal any such fact, the District Attorney will take appropriate proceedings.

Confidential communications relating to abortions are not excluded from the privileges accorded by section 352 of the Civil Practice Act. *People* v. *Murphy* (101 N. Y. 126) wherein FINCH, J., writing for a unanimous court, said: " We are of opinion that section 834 of the Code of Civil Procedure is applicable to criminal actions, and that whatever possible doubt may have attended the question is fairly dispelled by section 392 of the Code of Criminal Procedure. The confidential character of disclosures by a patient to his attending physician was established, before the Code, by statute, and in terms which, beyond reasonable question, applied to all actions whether civil or criminal (3 R. S. [6th ed.] 671, § 119; *People* v. *Stout,* 3 Park. Cr. 670.) That statute was substantially incorporated into the Civil Code, in language broad enough to justify the same general application as that which characterized the older statute; and the further provision of the Code of Criminal Procedure, already referred to, seems to us intended to settle the question."

The provisions of section 834 of the Code of Civil Procedure have been incorporated verbatim into the present section 352 of the Civil Practice Act. That decision made in 1886, has never been overruled or modified in any subsequent case. Section 90 of the Sanitary Code does not modify or repeal the provisions of section 352 of the Civil Practice Act. By the provisions of section 90 the information concerning cases of abortion or miscarriages where criminal practice is discovered or suspected, must be given specifically to the department of health. A similar situation arose in the *Matter of New York City Council* v. *Goldwater* (284 N. Y 296). In that case, a special committee, appointed by the city council of the City of New York to investigate charges of negligence and maladministration in the treatment of patients at Lincoln Hospital, had issued and served subpœnas duces tecum, addressed to the commissioner of hospitals of the City of New York, and to the medical superintendent of Lincoln Hospital, requiring the production of " ' All case records, reports, charts, diagnoses, X-rays and other records relating to the following patients ' ".

The corporation counsel in that case advised the commissioner of hospitals not to produce those records on the same grounds as the corporation counsel in this case advised the superintendent of Kings County Hospital, quoting as authority for his advice, section 352 of the Civil Practice Act. An order, directing the persons named in the subpœnas to comply with it, was granted in the Supreme Court. The Appellate Division, First Department, unanimously affirmed the decision of the Supreme

Court. On appeal, the Court of Appeals reversed the order, holding that the privileges conferred by section 352 apply not only to judicial proceedings, but to legislative proceedings as well.

The failure of the superintendent of the Kings County Hospital to obey the subpœna was not a willful one. He acted in good faith when he sought and acted upon the advice of the corporation counsel of the City of New York, who likewise acted in good faith, in advising him. The motion to punish him for a criminal contempt of this court is denied. Submit order.