Sol Becker, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, Bronx County, July 23, 1955.

*Robert Klonsky* and *Morris U. Greenberg* for plaintiff.

*Peter Campbell Brown, Corporation Counsel (E. Frank Lewis* of counsel), for defendant.

MATTHEW M. LEVY, J. The plaintiff alleges in his complaint that the defendant was negligent in that it furnished the plaintiff with an incompetent physician, nurse or employee who made an intravenous injection in the plaintiff's arm on September 21, 1951, while he was a patient in the cystoscopy department at the defendant's hospital, causing personal injuries to the plaintiff. While the plaintiff asserts that the injection was performed by a specific nurse, the latter testified (in a pretrial examination) that the injection was made not by her but by a named doctor, and presumably the hospital records so indicate. This doctor appears to be out of the United States and his present whereabouts is unknown. The issue resolves itself into the question as to whether the nurse performed the injection or whether it was done by the doctor.

The plaintiff seeks on this motion to examine the superintendent of the hospital to ascertain the full names and addresses of all patients treated in the cystoscopy department of the hospital on September 21, 1951, in order to obtain from such persons information as to whether they were injected by the nurse or the physician. The defendant objects to the examination on the grounds that the information sought is immaterial to the issues, is contrary to law and public policy, and involves a violation of the confidential relationship between the hospital and its patients.

The obvious purpose of the proposed examination is to identify patients, who — though not alleged to be witnesses to the specific occurrence sued upon — may provide information to the plaintiff which, it is hoped, will refute the implications from the hospital record that the injection of the plaintiff was made by the doctor, or will controvert the nurse's testimony to that effect,

**and** in some degree tend to show (by reason of similar administrations of those patients by the nurse on the day in question) the assumed probability that, despite her denial, she actually performed the injection on the plaintiff. I regret that I have not been aided (as I hoped that I would be) by the citation of statute or precedent by either party, and thus it was that some time was consumed for independent study. I, too, found nothing in point.*

While I have long been of the view that, in most cases, expanded areas of permissible examinations before trial will aid the court in the true administration of justice (see, for example, *Parker* v. *Burgoyne,* 167 Misc. 542; *Deutsch* v. *City of New York,* 200 Misc. 864, and *Field* v. *Field,* 281 App. Div. 657), it is quite clear to me that the examination here sought should not be granted. Accordingly, the motion is denied. Order signed.

---

* Since the filing of this opinion, I have re-examined it preparatory to compliance with the Reporter's request that it be forwarded for publication. I desire to note that *Matter of Investigation of Criminal Abortions in County of Kings* (286 App. Div. 270, affg. 206 Misc. 830) may be studied with profit. The case was decided by the Appellate Division, Second Department, on June 30, 1955.