In the Matter of MEYER WEISS, Petitioner. MOUNT SINAI HOSPITAL, Respondent.

Supreme Court, Special Term, New York County, November 3, 1955.

*John J. Tullman* for petitioner.

*John P. Smith* and *Alan W. Craig* for respondent.

MATTHEW M. LEVY, J. The petitioner was a patient in the respondent hospital. He was there operated upon. Asserting that the physicians who treated him at the hospital were negligent and caused him injury, he is desirous of instituting an action for malpractice against them. But it appears that he does not know the names of the doctors, and that the hospital has refused — absent the personal consents of the doctors themselves — to inform the patient as to who the doctors were or to let him inspect the hospital records with reference to his treatment, so that he might ascertain the identity of the one or more persons he could with propriety name as defendants in his prospective suit.

It is obvious that, unless the patient knows whom to sue, his cause — even if a good one — will nevertheless be lost. He cannot name a defendant in a vacuum or serve process upon a " John Doe " without proper identification. In the circumstances — invoking sections 295 and 296 of the Civil Practice Act — he has instituted this special proceeding to compel the hospital to submit to examination by a proper administrative officer having knowledge and to produce the records for inspection and copy. His frank purpose — before the commencement of suit — is to seek to ascertain whom he might

sue. And in his petition, the patient presents some indicia of a possible meritorious claim for malpractice against someone. The records sought are of the patient himself. The hospital is not entitled to withhold the records from the patient for the purpose of concealing the identity of those who operated upon and treated the patient. The well-recognized fraternal comradeship in the medical profession — while all to the good in many respects — cannot be permitted to effect a possible injustice. The patient-physician privilege is not a bar, because it is the patient himself who wants the information about himself (Civ. Prac. Act, §§ 352, 354; cf. *Becker* v. *City of New York,* 208 Misc. 744).

I should have supposed, therefore, that the relief requested would, in the interests of justice, be granted as a matter of course. But the hospital objects upon the ground that, in this department, examination and discovery are impermissible in these circumstances, and it relies upon *Matter of Hufstutler,* 220 App. Div. 587, (1927). The case seems to be generally in point, although it is conceded by the respondent that the appellate authorities in the other departments are squarely to the contrary (*Matter of Weil,* 25 App. Div. 173; *Peterman* v. *Schpelman,* 274 App. Div. 901 [2d Dept.]; *Matter of Strope,* 263 App. Div. 765 [3d Dept.]; *Lauffer* v. *Eastern Star Temple,* 210 App. Div. 619 [4th Dept.]).

I know that I should not ordinarily ignore a binding appellate precedent in my own department. And I would not normally do so — were all things equal. I do not think, however, that they are. I have long been of the view that, in these practice matters (such as examinations, discoveries and the like), contrariety of opinion among the several departments — certainly as between the first and second, where both have contiguous jurisdiction in the metropolitan area of New York City — is generally baseless and always confusing and disturbing. Indeed, " [i]nstead of being a structure in aid of uniformity, Brooklyn Bridge [again, and unfortunately] seems to be a point of judicial departure " (*Parker* v. *Burgoyne,* 167 Misc. 542, 543). I should not like to aid in freezing that disagreement unless I must — and in the circumstances here I do not think that I must.

In the first place, even in this department, the *Hufstutler* case seems, on at least a number of occasions, to have been honored by nonobservance at *nisi prius.* I cite, for example, the following unreported decisions: *Matter of Grabois (Roosevelt Hosp.)* (N. Y. L. J., Jan. 2, 1945, p. 24, col. 24); *Matter of Rodriguez (St. Vincent's Hosp. of City of N. Y.)* (N. Y. L. J., May 20,

1955, p. 7, col. 3); *Matter of Doran (Bronx Hosp.)* (N. Y. L. J., Sept. 19, 1951, p. 562, col. 3).

Secondly, in recent years — by statute, by rule, by court decision — there has been greater liberality in this department in the matter of examinations and discoveries in aid of litigation. (See *Lowenberg* v. *Stafford*, 204 Misc. 487, 489; *Kenyon* v. *Lord & Taylor*, 206 Misc. 611, 612–613; *Deutsch* v. *City of New York*, 200 Misc. 864, 865–866.) The Appellate Division in the First Department has itself, in these recent years, embarked upon a program of liberalization. I am hopeful that it will overrule the *Hufstutler* decision, at least to the extent of permitting allowance at Special Term of the examination as a matter of sound judicial discretion.

Thirdly, if, in the case at bar, I were to follow *Hufstutler* — and deny the motion — the Statute of Limitations (Civ. Prac. Act, § 50) would run on the malpractice action before the patient might be able to persuade the Appellate Division in this department to reconsider its stand of many years ago — in the light of the decisions of the other Appellate Divisions and of the recent reforms in the practice to which I have adverted. On the other hand, if I grant the application, and the hospital appeals, the examination and inspection will have been held — so that the summons may be prepared and served before the statute will have become a bar — unless the Appellate Division or a justice thereof grants a stay. And, when a request for such a stay is made, the appellate tribunal may — if it is in agreement with my views and as a matter of discretion — deny the stay. Thus the patient will not be deprived of the opportunity of suing on a just claim against the physician or physicians who, it is asserted, were guilty of the malpractice charged. And by that means, the appellate court will have a prompt opportunity in some immediate fashion to review my determination without effectuating an injustice in the event that, as time goes by, the court will come to the view that the *Hufstutler* decision should be overruled.

The motion is granted. The examination and inspection are to be held at the hospital on November 7, 1955, at 2:00 P.M. Order signed.