Matthew M. Levy, J.
By this motion the defendant seeks (1) to vacate the plaintiff’s notice to examine the defendant before trial and (2) a separate trial of the issue of general release pleaded as a defense in the answer. As that defense has been found insufficient as a matter of law (see disposition of companion motion decided herewith), there is no necessity for a preliminary trial of the question of release. I shall therefore consider here only the matter of the plaintiff’s effort to examine the defendant before trial. The defendant seeks to vacate the plaintiff’s notice on the ground that the plaintiff is in default in serving his bill of particulars, and is, therefore, not entitled at this time to conduct a pretrial examination of the defendant and, further, that the defendant is entitled to priority of examination inasmuch as the complaint contains causes of action for death and for pain and suffering (Bronx County Supreme Court Rules, rule XX, subds. 3, 7).
The plaintiff opposes the application, upon the ground that he cannot comply with the defendant’s demand for a bill, as many of the particulars sought with respect to the causes of action for wrongful death and for pain and suffering are not within his knowledge. Further, the plaintiff argues that rule XX of the Bronx County Supreme Court Rules applies to motions for examination and not to notices to examine, which are governed by rule XIX and that that rule does not contain the limitations relied upon by the defendant.
The plaintiff’s arguments are not convincing. Subdivision 8 of rule XX clearly requires that a party seeking an examination must comply with a timely demand for a bill of particulars before he is entitled to proceed with the examination, unless he can show a valid reason for his inability to comply with the demand. The mere assertion that he lacks knowledge is not a sufficient excuse, especially where no attempt is made to indicate in what particulars the party is unable to furnish the informa *508 fcion sought. A cursory inspection of the demand itself shows that many of the items deal with matters which patently must be within the plaintiff’s knowledge, for otherwise he could not have framed his complaint.
The plaintiff makes much of the fact that the opening paragraph of rule XX refers to guides for the court in disposing of motions dealing with examinations before trial — as distinguished from rule XIX, which refers to notices of examination. The latter rule is but a reiteration of the provisions of rule 121-a of the Rules of Civil Practice concerning the right to a pretrial examination in wrongful death and personal injury actions and the scope of such examination. It is silent as to priority of examinations and procedure in obtaining examinations. However, rule XX, while referring to motions, carefully sets forth the principles covering the time when notice is to be served, the type of action in which priority of examination is to be given, etc., and subdivision 11 thereof specifically states that the provisions of the rule “ are designed to accomplish such uniformity in procedure as may be desirable and for that purpose to guide the Bar and the Justices presiding at Special Term in applying principles considered relevant ’ ’. In view — especially — of this stated purpose, there should be no distinction between motions for examination and notices of examination. To hold that the rule applies to one as distinguished from the other would set at naught a declaration adopted for the very purpose of achieving uniformity in the matter of examinations before trial (cf. Parker v. Burgoyne, 167 Misc. 542).
As the plaintiff has not shown adequate reason for his inability to comply with the demand for a bill of particulars, and as the defendant is entitled to priority of examination, the motion is' granted to the extent of vacating the plaintiff’s notice of examination, without prejudice to the plaintiff’s seeking to examine the defendant before trial by notice or motion at the proper time.