Edward G. Baker, J.
Motion by defendant for a discovery and inspection.
The action is on contract. The complaint alleges that defendant ordered certain goods to be manufactured by plaintiff and that plaintiff manufactured and delivered certain of the goods and, in addition to the goods delivered, manufactured and offered for delivery goods made specifically for defendant pursuant to its request, that such goods have been offered to defendant and that defendant has refused to accept them and that plaintiff is ready to deliver the goods to the defendant.
*196 The answer contains a general denial, three separate defenses and three counterclaims. The first defense sets forth that plaintiff failed to make deliveries on the dates provided therefor and that pursuant to the contract or order defendant, on or about June 8,1962, cancelled the contract as to the unshipped portions of the order; the second defense alleges the goods delivered by plaintiff were defective; the third defense alleges that defendant agreed, as recently as September 25, 1962, to accept the unshipped portions of the goods but plaintiff has refused to make delivery. The first counterclaim alleges that by reason of the defective condition of the goods delivered and the fact that they were not in accordance with the specifications it had to repair and reconstruct certain of the parts, for which it seeks damages; the second counterclaim alleges that by reason of plaintiff’s failure to deliver, defendant was required to purchase parts from another manufacturer at a higher price; the third counterclaim alleges that defendant returned certain defective material to plaintiff for which it has not received credit.
An order is sought requiring plaintiff to produce and discover and permit an inspection by a representative of defendant at plaintiff’s place of business of the articles specified in the notice of motion. The affidavit of defendant’s president, submitted in support of the motion, refers to the allegations of the complaint which charge that plaintiff has manufactured goods made specifically for defendant and offered them to defendant but that defendant refused to accept same. The affidavit further states that after the action was commenced defendant offered to accept delivery of the entire balance of the order but that plaintiff refused, offering to make delivery of 10 sets and upon approval and acceptance of the 10, to deliver an additional 10 sets, until the entire balance of the order was delivered; that defendant agreed to accept partial delivery upon condition that an employee of defendant be permitted to enter plaintiff’s factory to determine whether plaintiff had manufactured all the items pursuant to contract, and as alleged in the complaint.
While the answer contains several defenses and counterclaims the main issue is whether or not plaintiff performed its contract.
Defendant’s first defense is that plaintiff failed to deliver the articles ordered, whereas plaintiff alleges the goods were manufactured and offered for delivery but refused. There is no claim that the goods so ordered were sold to any other party and, hence, if manufactured, as alleged, should still be in the possesssion of plaintiff. If plaintiff has such articles in its possession it should be more than willing to permit defendant to inspect them. On the other hand, if the plaintiff has not manufactured *197 the articles it cannot succeed in this action since the theory on which it is suing is that the goods were manufactured and offered for delivery to defendant. It would be otherwise if plaintiff were suing for damages on the ground that defendant had prevented performance of the contract, in which case it would be unnecessary to prove performance on plaintiff’s part.
While pretrial procedure of discovery is not to be utilized solely for checking on the prospective testimony of an opponent or to impeach his credibility (see Dienstag v. Athenson & Passin, 60 N. Y. S. 2d 794, affd. 270 App. Div. 927), the fact that this may result should not, without more, preclude pretrial discovery. (Cf. Baron v. Kings-Suffolk Realty Corp., 4 Misc 2d 587, 591.)
The purpose of the statute and the rules relating to inspection and discovery is to aid in the ascertainment of truth and the advancement of justice (Murphy v. Keenan, 101 Misc. 443, 446, affd. 183 App. Div. 923). As pointed out in Matter of Weiss (Mt. Sinai Hosp.) (208 Misc. 1010,1013): “* * * in recent years — by statute, by rule, by court decision — there has been greater liberality in this department [1st Dept.] in the matter of examinations and discoveries in aid of litigation.” Examination of the provisions of the new Civil Practice Law and Rules, effective September 1, 1963, with respect to discoveries, indicates a further liberalization of examination and disclosure practice. Section 3101 of such law and rules provides in subdivision (a): “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ” (emphasis supplied). While this section is not presently operative, it seems to the court that the purpose behind the enactment of said section should be furthered and adopted without waiting until after the section becomes effective, since the postponement of the effective date was primarily to permit of study and readjustment with respect to changes in the law. The granting of this motion, under proper safeguards, is in conformity with present thinking concerning discoveries and inspections, may tend to narrow the issues or possibly resolve the same and lead to a settlement of the action, thus avoiding the necessity for and the expenses of a trial.
The motion is granted. Settle order on notice providing for a discovery and inspection of the articles set forth in the notice of motion, the time and manner of inspection to be agreed upon between the parties and set forth in the order, which should be presented promptly.