MANUEL LOUBRIEL, Plaintiff, v. GRACE LINE, INC., Defendant.

Supreme Court, Special Term, New York County, October 24, 1966.

*Henry Isaacson* for plaintiff. *Kirlin, Campbell & Keating (Henry J. O'Brien* of counsel), for defendant.

MATTHEW M. LEVY, J. This is a "Jones Act" (U. S. Code, tit. 46, § 688) personal injury action instituted by a member of the crew of the defendant's vessel. Pursuant to CPLR 3120, the plaintiff has served notice upon the defendant demanding certain pretrial disclosure. The defendant has duly moved for a protective order (CPLR 3103) in respect of one phase of the plaintiff's notice.

The defendant consents to disclosure (1) of "the pre-voyage physical examination reports " of the plaintiff; (2) of " any and all records and reports of illness, injury and/or accident sustained by " the plaintiff during the voyage; (3) of " any and all records and reports of medical care, treatment or medication received by " the plaintiff " for or on account of illness, injury and/or accident sustained " by the plaintiff during the voyage; (5) of any and all statements signed by the plaintiff; (6) of " all log books (deck, engine, medical, etc.) both rough and smooth " for the voyage; (7) of the crew list, and (8) of " any and all ship's committee meeting safety reports ". The defendant has also agreed (9) to permit the plaintiff " to inspect and photograph [the] area where the plaintiff sustained his injury ".

The defendant objects only to item 4 of the plaintiff's notice — that is, disclosure of " any and all statements pertaining to illness, injury and/or accident sustained by " the plaintiff. The defendant " is willing to supply plaintiff's attorney with the names and addresses of all persons from whom statements have been taken."

CPLR 3101 provides that a party " shall [make] full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ". However " the work product of an attorney shall not be obtainable " (CPLR 3101, subd. [c]), nor shall the adverse party be entitled to disclosure of " any writing or anything created by or for a party or his agent in preparation for litigation " unless " the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship " (CPLR 3101, subd. [d], par. 2).

The parties have cited precedents seemingly in support of their respective contentions, and a conflict appears to be in the offing between the Appellate Divisions in the First and Second Departments, and at nisi prius within each. (3 Weinstein-Korn-Miller, N. Y. Prac., par. 3101.50a) reminiscent of the disagreement between them several decades ago (*Parker* v. *Burgoyne,* 167 Misc. 542), except that presently it is the First Department that has adopted a more liberal view.

But neither the authorities presented by counsel nor others that I have unearthed by independent research meet the basic issue here. And that is whether — on the proof now presented in the case at bar — the statements obtained by the defendant were " material prepared for litigation " (*Zavaglia* v. *Engert,* 23 A D 2d 790, 791) or " prepared in the regular course of business " for the purpose of effective managerial knowledge and

control — such as " to prevent future accidents, discipline careless employees, or, generally, to increase the economy and efficiency of the operation " (*Kandel* v. *Tocher,* 22 A D 2d 513, 516; *Stewart* v. *Roosevelt Hosp.,* 22 A D 2d 648).

The defendant's counsel avers flatly that "the statements which plaintiff seeks [referred to in Item 4 of his notice to disclose] were taken by defendant and by defendant's attorney for litigation ", and that " none of those statements were [*sic*] obtained in the regular course of business." On the other hand, the plaintiff's attorney alleges that the statments were " taken by lay investigators in the regular course of defendant's business and [were] statements not made in preparation of a lawsuit ".

Upon whom is the burden of proof? (See Third Annual Report of N. Y. Judicial Council, 1937, p. 257.) I have noted the somewhat cynical statement of the authors (in their generally helpful textual discussions on the present N. Y. CPLR) that " Reliance upon burden of proof doctrine to justify a decision in this area is often a mask for a refusal to come to grips with the problem or a reluctance to express the actual grounds for a decision." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.08.)

I have before me a confrontation by affidavit — one submitted by the defendant's counsel, who would normally be in a position to know as a matter of personal knowledge; and the other by the plaintiff's attorney, who does not indicate the basis of his information or the grounds of his belief. Detailed *facts* are not presented in either case. As a consequence, I have decided — in the light of the nature of the action and the difficulties of proof upon the trial generally encountered by the plaintiff in such an action — not to dispose of the motion with finality. The defendant's motion for a protective order is granted, but without prejudice to a renewal by the plaintiff of his efforts to obtain disclosure in respect of Item 4 after the disclosure by the defendant of the other material hereinabove referred to; and if it be ascertained by examination before trial or otherwise that such material was not the attorney's work product or was not prepared for litigation and, even if the latter, that there was a change of conditions or that withholding it will result in injustice or undue hardship, the plaintiff should then submit all relevant facts in regard thereto. There is no such adequate showing by the plaintiff on the present papers. (See *Rios* v. *Donovan,* 21 A D 2d 409, 413–414; *Lonigro* v. *Baltimore & Ohio R. R. Co.,* 22 A D 2d 918, 919; cf. " The Attorney's Trial Preparations and Pre-Trial Discovery Under the Federal Rules: Hickman v.

Taylor [329 U. S. 495] Two Years After,'' 62 Harv. L. Rev., 269.)

The defendant is directed to produce the records specified in the other items hereinabove referred to for the plaintiff's inspection, copying and photographing; to make available the site of the plaintiff's injury for inspection and photographing; and to serve upon the plaintiff an affidavit giving the names, employments and addresses of all persons from whom statements have been taken, together with the respective dates thereof and the names, addresses and employments of the persons who procured the said statements. Such disclosures shall be made at a time and place mutually agreed upon between the attorneys for the parties and, if not so done, an order may be settled on notice for such designation by the court.