Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

William C. Armstrong, of New York City, for appellant.
P. S. Dudley, of New York City, for respondent.

PER CURIAM.  If the defendant desires to raise the question as to whether or not the claim is barred by the statute of limitations, it cannot be done by a motion to strike out, but must be taken by answer. The order is affirmed, with $10 costs and disbursements.

---

(83 Misc. Rep. 643)

PEOPLE ex rel. FUCHS v. POLICE COM'R OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.  January, 1914.)

HABEAS CORPUS (§ 85*)—PERSON SEIZED UNDER EXTRADITION WARRANT—RIGHT TO DISCHARGE—EVIDENCE.

Where the return of a writ of habeas corpus sued out by a person held under a warrant of extradition is traversed by a denial of the identity of the relator with the person named in the indictment, on the ground that relator was not in the demanding state when the crime was committed, and therefore not a fugitive from justice, and this contention is sustained by a preponderance of the evidence, the writ will be sustained and relator released.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.*]

Habeas corpus by the People, on the relation of Louis Fuchs, against the Police Commissioner of the City of New York.  Writ sustained, and prisoner discharged.

Chas. G. F. Wahle, of New York City, for relator.
Stanley Richter, Asst. Dist. Atty., of New York City, for defendant.

FORD, J.  Here a prisoner is held under a warrant of the governor for extradition, and brought before the court on a writ of habeas corpus.  The return is traversed by denial of the identity of the relator with the person named in the indictment, on the ground that he was not in the demanding state at the time of the commission of the crime, and therefore not a fugitive from justice.  Upon the issue so raised, oral testimony was taken which shows a direct and material conflict.  The question before me resolves itself into this:  Can this court find in favor of the relator and sustain the writ on such conflicting testimony?  Mr. Justice Carr's masterly review of the authorities in People ex rel. Genna v. McLaughlin, 145 App. Div. 513, 130 N. Y. Supp. 458, is decisive, and the question there decided is so strikingly similar to the one here as to make a lengthy opinion on my part a presumptuous work of supererogation.  In that case the rule is flatly laid down that:

"This question of jurisdictional fact must be determined by the court as is any other question of fact which it has the power and duty to determine, according to the rule of the common law as to the preponderance of evidence."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The preponderance of evidence I find to be heavily on the side of the relator, and the writ will therefore be sustained and the prisoner discharged. The case mainly relied upon by the district attorney in opposition is Munsey v. Clough, 196 U. S. 364, 25 Sup. Ct. 282, 49 L. Ed. 515, decided in 1905. That case is discussed in the Genna Case, supra, decided in 1910, and the extract quoted from the former case in the brief of the district attorney to the effect that "the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused," is held to be "entirely apart from the question then up for decision." The case of McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121, is cited as the later and controlling adjudication by the federal Supreme Court which, by implication at least, supports the view taken by the Appellate Division.

Writ sustained, and prisoner discharged.