PEOPLE ex rel. RALPH A. PLATE, Relator, *v.* RICHARD E. ENRIGHT, Commissioner of Police of the City of New York, Respondent.

Supreme Court, New York County, September, 1922.

Habeas corpus — extradition proceeding — right of relator to have a commission to take testimony without the state.

Where the relator in an interstate extradition proceeding sues out a writ of habeas corpus to obtain his release on the ground that he was not within the demanding state at the time of the commission of the crime charged, he will be granted a commission to take in another state the testimony of witnesses in support of his contention where the necessity and materiality of the testimony desired are clearly shown and the good faith of the application is not questioned.

MOTION for leave to issue a commission to take testimony.

*Hays & Shulman (Mortimer Hays,* of counsel), for relator.

*Joab H. Banton,* district attorney (*Michael J. Driscoll,* of counsel), for respondent.

MARSH, J.   The relator was arrested under a warrant of the governor of this state granted in extradition proceedings upon a requisition from the governor of Illinois.   A writ of habeas corpus has been issued for the purpose of obtaining the relator's release on the ground that he is not a fugitive from justice for the reason that he was not within the state of Illinois at the time of the commission of the crime charged, and a motion is now made for leave to issue a commission to take testimony of witnesses at Wichita Falls, Tex., for the purpose of sustaining the relator's contention. The question presented is said to be novel.   It has been established that extradition is unauthorized unless the subject of the proceedings is in fact a fugitive from the demanding state, and that a writ of habeas corpus is the proper method of inquiring into the existence of that fact.   *People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176; affd. (*sub nom. Hyatt* v. *Corkran*), 188 U. S. 691.   There has been considerable variety of judicial expression in regard to the degree of proof necessary to sustain the writ, that is to say, whether the relator must prove his contention conclusively or beyond a reasonable doubt or by a fair preponderance of evidence, or whether, on the other hand, the burden of proof is on the other side to uphold the warrant either presumptively or beyond a reasonable doubt.   The authorities are collated and discussed in *People ex rel. La Rocque* v. *Enright,* 115 Misc. Rep. 206, and *People ex rel. Genna* v. *McLaughlin,* 145 App. Div. 513.   See, also, *People ex rel. Fuchs* v. *Police Commissioner,* 83 Misc. Rep. 643; *People ex rel. Debono* v. *Bd. of Police Comrs.,* 89

id. 248. Whatever the correct rule may be upon the point, however, the right to conduct an original inquiry upon the issue, instead of merely reviewing the evidence before the governor when the warrant was granted, implies the right to produce material and necessary testimony. Testimony can be taken by deposition in special proceedings as well as in actions, and the same rules and principles are applicable. Civil Practice Act, § 308. The necessity and materiality of the testimony desired in this case are clearly shown, and the good faith of the application is not questioned. The date mentioned in the requisition papers is to be accepted in the absence of proof that it is erroneous. _Hyatt_ v. _Corkran,_ 188 U. S. 691, 711. The motion for a commission is granted.

Ordered accordingly.