CECILIA F. WILHELM, Appellant, *v.* HERMAN ABEL et al., Respondents.

Third Department, December 23, 1955.

*Joseph Kooperman* for appellant.

*Francis X. Tucker* for respondents.

FOSTER, P. J.   Appeal from an order of the Supreme Court at a Special Term for Ulster County which denied appellant's motion for an inspection of a written statement given by the appellant to a representative of defendants' insurance carrier.

Plaintiff-appellant was employed by the defendants as a domestic in their dwelling house located in the village of Ellenville, New York.   While attempting to ascend a stairway leading from the cellar to the ground floor of the building she fell and sustained what are claims to be severe and permanent personal injuries.   She was not entitled to compensation under the Workmen's Compensation Law, and she contends that the accident and her injuries were caused by the negligence of the defendants in the construction and maintenance of the stairway.   While plaintiff was confined to the hospital a representative of the defendants' insurance carrier visited her and asked for a written statement pertaining to the accident and her injuries.   She was not represented by counsel, and she asserts that the representative of the insurance carrier told her that it would be to her benefit to give him the information he sought.   After she signed the statement no copy was given to her.

The Special Term denied the application for an inspection of the statement on the ground that no special circumstances had been shown to justify such relief and further found that no fraud or deception had been practiced.   We have no criticism of the Special Term's decision because it was in conformity with the general rule which has heretofore existed.   We are constrained to the belief however that the rule should be changed.

The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement.   To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial.   By the same token we see no valid reason why a defendant or insurance carrier, if a written state-

ment from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.

The order should be reversed and application granted, without costs.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order reversed and application granted, without costs.