Hamm, J.
This is a motion for an examination before trial in a habeas corpus proceeding to inquire into the detention of an infant.
There is no doubt that there is statutory authority for such an examination in special proceedings as well as in actions and that the same statutory rules and principles are applicable. Section 308 of the Civil Practice Act provides: “Testimony may be taken by deposition, under this article, in a special proceeding, or for use in such a proceeding about to be brought, as though the proceeding were an action. ’ ’
At Special Term in the first judicial department the relator in an interstate extradition proceeding was granted a commission to take in another State the testimony of witnesses in support of his contentions (People ex rel. Plate v. Enright, 119 Misc. 319).
However, in the same department in People ex rel. Heller v. Heller (183 Misc. 630, affd. without opinion 268 App. Div. 976) wherein the proceeding was to inquire into the cause of detention of a child, examination before trial was denied. While it *652 was a proper exercise of discretion to deny the examination, it seems that the learned Justice at Special Term was of the opinion that an examination before trial in a habeas corpus proceeding was not embraced by the examination ‘ ‘ in special proceedings ” permitted by section 308 of the Civil Practice Act as it was his judgment that the proceeding’s summary character would be destroyed by the delay caused by the examination.
However, an affirmance without opinion by the Appellate Division does not necessarily imply approval of the rationale of the opinion below. In Soderman v. Stone Bar Associates (208 Misc. 864, 867) it was stated: “It is true that the case was affirmed without opinion (279 App. Div. 1071), but that does not mean that the Appellate Division agreed with all of the reasoning in the opinion of the lower court. As stated in Carmody on New York Practice (Vol. 1, § 112): ‘ Where a decision is upon appeal affirmed by the Court of Appeals without opinion, the legal conclusions stated in the opinion of the lower court making the decision are not necessarily adopted and approved. Only the right of the party to recover is decided, and the court is responsible only for that, and not for the reason given nor the opinion theretofore expressed.’ ”
Moreover, as this case was decided in another department, it is not necessarily authority for procedure in this department (Lyon v. Fieldgren Realty Cory., 190 Misc. 700, 703).
The witnesses to be examined in this case are residents of Canada. The infant is now with the defendant. The proceeding has been adjourned by the Justice before whom it was returnable to a date to be fixed by him at a February Trial Term at which he will preside. The testimony of the witnesses may be obtained prior to the opening day of that term. So an examination cannot prejudice the defendant, as it will cause no delay and no interference with the defendant’s custody before adjudication.
Ten years ago this month in De Maria v. Gaidusek (186 Misc. 340, 341) which involved another phase of pretrial depositions, Mr. Justice Deyo had occasion to state: “No case has been brought to my attention wherein the Appellate Division of the Third Department has passed upon this question directly. However, in view of the fact that the Third Department has continually taken the lead in liberalizing matters of practice, particularly in the field of examinations before trial, it is fair to assume that this court will adopt the more progressive, viewpoint.”
*653 The liberality of this department continues unabated as exemplified by the decision last month in Wilhelm v. Abel (1 A D 2d 55) wherein it was held that the plaintiff in a personal injury action was entitled to inspect a statement given to the insurance carrier, reversing a prior rule which would not permit such an inspection.
And that the trend toward liberality in general appears from the recent decision in the first judicial department in Matter of Corporation Counsel of City of New York v. Smith (286 App. Div. 561). Although the procedural provisions of section 308 of the Civil Practice Act dealing with depositions are limited on their face to special proceedings and although there is no express statutory authority in an administrative proceeding for the issuance of process for the taking of depositions outside of the State, an open commission was nevertheless granted to take the testimony of a nonresident witness in an administrative disciplinary proceeding.
I think the motion should be granted.
The relator has moved for an examination through written interrogatories. The defendant has asked that, if the motion is granted, there be an open commission. As the relator has consented, the order may so provide.
No objection has been raised to the proposed subject matter of the examination.
The order will fix the date of the examination prior to February 6th, the opening day of the Trial Term to which the proceeding has been adjourned.
If the parties are unable to agree as to the time when, the place where and the person before whom the examination will, be held, the same will be settled in the order.
Submit order on one day’s notice.