Nathan A. Lashin, J.
This is a motion to dismiss the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice on the grounds that the complaint or demand set forth in the complaint has been released. The facts as alleged by the plaintiff in the answering affidavits are summarized as follows:
The plaintiff was returning home in a taxicab from the hospital after visiting her husband who had undergone an ulcer operation. She states that suddenly, while the taxi was at a standstill, the automobile of the defendant struck the front of the taxi, and she sustained personal injuries. An ambulance was summoned and the plaintiff was taken back to the hospital from whence she came. As she lay on the table in the emergency room, the taxi driver appeared with another man. Plaintiff states “ they told me they came in to collect the $1.50 fare, I paid it. The taxi driver and this other man then began pleading with me and told me that unless I released the taxi driver, he would lose his job. The man told me that the taxi driver had a family of five children to support and that if he were not released from this accident by me, he would lose his job and his five children would suffer. I was in a complete state of confusion. I was in considerable pain. I told him that I did not want the man to lose his job and that it would not help me any if his children suffered on my account. They asked me to sign a paper saying that this would enable the taxi driver to keep his job. They said they were giving me $100 as a gift. I told them I could not read the paper because I did not have my glasses with me. They were so insistent, however, and I was in such pain and so confused and so anxious to get rid of them that I did what they asked. I never really knew the exact nature of the paper I was signing and no one read it to me.”
Plaintiff commenced this action against the defendant who was the owner and operator of the automobile which collided with the taxi and who is not the releasee. Defendant moves to dismiss the complaint setting up the general release as a bar to the action. If it should be established, the conduct of the taxi driver and his representative in entering the hospital *195 with intent to obtain the release is reprehensible and may be in violation of section 270-b of the Penal Law. However, such a violation does not ipso facto vitiate the release. (Bloodgood v. Lynch, 293 N. Y. 308.)
Assuming the plaintiff was aware of the nature of her act, it may well be that the taxi driver and the defendant herein are not joint tort-feasors in which event the defendant may not avail himself of such defense. There has been no adjudication, nor is there any proof before this court that the releasee and the defendant are jointly liable.
If however, the plaintiff did not realize what she was signing as she contends, and her failure to read is excusable under the circumstances, the release is not binding. (See Pimpinello v. Swift & Co., 253 N. Y. 159; also, Whipple v. Brown Bro. Co., 225 N. Y. 237.)
There are questions of fact concerning the execution of the release which cannot be summarily disposed. Whether the releasee and the defendant herein are joint tort-feasors is also an issue of fact which must be resolved on the trial. Consequently this motion is denied and the defendant is directed to serve an answer within 10 days after service of a copy of this order upon the attorney for the defendant.