Matthew M. Levy, J.
This motion by the plaintiff seeks two items of unrelated relief — one unusual and intriguing, the other routine and simple.
The action, in part, is for an accounting of a joint venture which the plaintiff claims he entered into with the individual defendants in relation to acreage in Suffolk County. The action is, further, for rescission of the transfer by the plaintiff of his corporate stock which the plaintiff had sold to some of the individual defendants — the claim being that the transaction was fraudulently induced. The suit was instituted in July of 1955. and related to matters occurring in 1953. On three occasions — one each in July and August of 1955 and January of 1956 — the plaintiff conferred with the defendant Glass, at the latter’s residence, in relation to the present litigation and the controversy giving rise to it. The plaintiff asserts that, during these conver *589 sations, Glass admitted that the plaintiff had a specific interest in the profits of the joint venture — a material issue in the action. Glass denies that he made this admission. At the behest of the plaintiff an order for examination of the defendants before trial was granted. The plaintiff alleges that, during the examination of Glass, he led the plaintiff to believe that he (Glass) had made wire recordings of the three conferences referred to. While Glass was being questioned, the plaintiff sought to have Glass state whether there were such recordings and Glass refused to answer one way or the other. The issue was submitted for ruling to the Justice then presiding at Special Term, Part II, of this court, at which time the question was withdrawn without prejudice.* The examination of Glass has not yet been concluded. On the instant application, the plaintiff moves to compel the defendant Glass to give an inspection and to permit the plaintiff to make copies of these recordings (which the plaintiff believes were made of the conversations between him and Glass) and for a discovery and inspection of the recording device employed by Glass to make such recordings, and for such other and further relief as may be just and proper. Glass neither affirms nor denies whether he had such recordings made.
The opposition contends that, since the moving party has failed to show that the recordings exist, the motion must be denied (Rules Civ. Prac., rule 140). In view of the likely genuine ignorance of the plaintiff as to whether or not Glass made the recordings, and of the latter’s equivocal response as to whether he did or did not, it seems to me that the issue of the existence or nonexistence of the recordings has not been resolved. In such circumstances the law has not failed to provide a remedy. Section 328 of the Civil Practice Act, providing for disclosure by a party in aid of discovery, empowers the court to make an order requiring an adverse party to state by affidavit whether a specific document ** is or has been in his possession or power (see Swetnick v. Klein, 246 App. Div. 261; Dubourcq v. Brouwer, 131 N. Y. S. 2d 106).
However, the issue remains whether — assuming the existence of the recordings and of the instrument —- they are subject to pretrial discovery and inspection under section 324 of the Civil *590 Practice Act. For, if they are not, it would he inappropriate, I think, to grant an order in pursuance of section 328. And, preliminary to the question as to whether discovery should be directed is the principal question of whether the recordings are admissible in evidence (5 Carmody-Wait on New York Practice, p. 656, § 10). In my view, accurate recordings might well be admissible — firstly, by way of introducing admissions made by one party or the other; and, secondly, by way of presenting for purposes of impeachment statements made by one witness or the other contradicting his trial testimony.
Let us assume, first (what the plaintiff says he desires to show upon the trial), that Glass admitted during these conferences that the plaintiff had an interest in the venture. The question of the plaintiff’s interest is directly in issue, and any admission by the defendant of such interest would be relevant and material. That the admission was made after the commencement of suit, or that it was made in a personal conference without benefit of counsel, does not render the admission inadmissible. And, although the offer to compromise the lawsuit is inadmissible (cf. Quillen v. Board of Educ., 203 Misc. 320), the statement of the fact of plaintiff’s interest is admissible as an admission of an independent fact although the statement may have been made during the course of the settlement conference (Roome v. Robinson, 99 App. Div. 143, 150; 4 Wigmore on Evidence [3d ed.], §§ 1048, 1057a, 1061, 1062; 80 A. L. E. 919). Of course, the plaintiff may orally testify upon the trial as to the defendant’s unqualified concession; but, if, as appears to be the case, the defendant denies that he made the statement, the recorded conversation will be a valuable aid in the trial court’s search for the truth.
Let us suppose, secondly, that upon the trial — for the purpose of contradicting the plaintiff’s testimony on some material and relevant fact — Glass offers the recordings in order to prove admissions or statements allegedly made by the plaintiff during one of the conferences with Glass heretofore referred to. When such offer is made by Glass at the trial, the plaintiff may demand on the voir dire that he be given an opportunity to hear the recordings and to examine the instrument so that he may determine whether he will object to receipt of the recordings in evidence. Or, the plaintiff may interpose an objection that adequate foundation has not been laid with respect to accuracy of the recordings. Or, if the trial court were of the opinion that due foundation had been laid to support the admissibility of the recordings, the plaintiff may desire to raise an issue of fact as to their authenticity, in aid of which plaintiff may wish to *591 have the recordings and the instrument examined by an expert in the field.*
In any case, delay of the processes of the trial — it may be for an extended period — will ensue. It is my thought that such complications could be avoided and the issues of admissibility simplified if there be an opportunity for pretrial discovery and inspection. There will, of course, be other consequences as well. If the plaintiff is now made aware in haec verba of what has been recorded, he will, no doubt, be the better prepared for his own trial testimony and the better enabled to impeach Glass on the trial. I recognize that the pretrial procedure of discovery is not to be utilized solely for checking on the prospective testimony of an opponent or to impeach his credibility (see Dienstag v. Athenson d Passin, 60 N. Y. S. 2d 794, affd. 270 App. Div. 927) ; but that this may result should not, without more, preclude pretrial discovery. In the light of the current expanded areas of examinations and discoveries before trial (see Matter of Weiss [Mount Sinai Hosp.], 208 Misc. 1010, 1013), I do not conceive that fortifying the plaintiff with advance information as to the contents of the recordings would be unjust to Glass, whose surreptitious conduct is in issue here. For, whether or not there was entrapment by Glass at the times of the conferences at his home, there certainly was that possibility when Glass prepared the machinery for the recordation of the conversations and deliberately refrained from informing the plaintiff of what he (Glass) was doing.
I have been unable to find any case in point. I do invoke what seems to me to be an appropriate analogy. In Johnson v. Valentino (277 App. Div. 1133 [2d dept.]), in an action for damages for personal injuries, the plaintiff was granted discovery and inspection of a statement made by her to an investigator of the defendant’s insurance carrier, the plaintiff alleging that the statement was induced by representations that the carrier knew that the defendant was at fault and that the state *592 ment was a necessary preliminary to a substantial settlement. In Wilhelm v. Abel (1 A D 2d 55 [3d dept.]), also a personal injury action, the plaintiff had given a statement to a representative of the defendant’s insurance carrier, and no copy thereof had been given to her. Special Term denied her application for a pretrial inspection of the statement on the ground that no special circumstances had been shown to justify such relief and that no fraud or deception had been practiced. In reversing, the Appellate Division said (p. 56): “ We have no criticism of the Special Term’s decision because it was in conformity with the general rule which has heretofore existed. We are constrained to the belief however that the rule should be changed.” Referring to personal injury cases specifically, the court went on to say (pp. 56-57): “ [W]e see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.” (See, also, Right of Inspection by Plaintiff of Written Statement Signed by TTim Concerning Accident, N. Y. L. J., Oct. 23, 26, 27, and 28, 1953, pp. 854, 872, 890, 906.) I do not see any valid reason why the rule thus enunciated should not apply to commercial litigation as well as to personal injury actions.
In Marie Dorros, Inc., v. Dorros Bros. (274 App. Div. 11,13-14 [1st dept.]), the court said: “The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial. Professional opinion, in the light of experience, has steadily moved in favor of broadening the permissible scope of examinations. * * * There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought. * # # Possibilities of abuse [of pretrial examination] can be adequately covered by judicial surveillance, without the imposition of arbitrary restrictions.” What the Appellate Division in this department here said in respect of examinations before trial in commercial litigation applies with equal force, I think, to pretrial inspections.
In the circumstances, the plaintiff’s motion is presently granted to the extent of requiring the defendant Glass within 10 *593 days from the service of a copy of the order hereon with notice of entry to serve and file an affidavit in which he states whether any one or more recording instruments and whether any one or more recordings of the conversations heretofore referred to “ is or are, or has or have at any time been in his possession or power, and if not then in his possession, when he parted with the same, and what has become thereof” (cf. Civ. Prac. Act, § 328). In the event the statement is in the negative, the plaintiff’s motion for discovery and inspection will be denied. In the event it is in the affirmative, the motion will be granted.
I proceed now to a disposition of the second branch of the motion. Nothing novel or difficult is involved. The plaintiff here seeks an order directing that the testimony of a witness be taken relative to negotiations (conducted by the witness on his own behalf or in behalf of any corporation in which the witness has an interest) with the defendants, in connection with the purchase and sale of certain real property involved in this action, and relative to any contracts entered into by them with respect thereto.
Since the person sought to be examined is not a party, special circumstances must be shown to exist (Civ. Prac. Act, § 288). None is presented here. That one of the defendants had dealings with the witness does not constitute special circumstances to warrant an examination. The precedents cited by the plaintiff involve a witness who had handled the entire transaction between the parties and there was no other means of establishing the plaintiff’s cause. These cases do not fit the present state of facts. There is no indication by the moving party that the person sought to be examined is untruthful or hostile. The defendants, on the other hand, submit an affidavit by the proposed witness, in which he states that he will be available as a witness upon the trial, that he has never been interviewed by the plaintiff’s attorneys, that he has taken no position in this case, and that if subpoenaed he will testify to the best of his recollection, knowledge and belief. This phase of the application should be, and is, denied.
Settle order.

 There is an incidental controversy as to whether the withdrawal at Special Term, Part II, was without prejudice to an application to the trial court or whether the withdrawal was without prejudice to a motion before trial at Special Term, Part I. As I see it, this disagreement is of no consequence in the present disposition.

I hold that this should apply in principle to an “ article ” subject to discovery, as well as to a “ document ” (cf. Civ. Prac. Act, § 324; United States v. Schanerman, 150 F. 2d 941, 944; Model Code of Evidence, rule 1, subd. [17]).

The courts are not unanimous as to whether examinations before trial may be taken by means of instrumental recordation rather than by way of the traditional stenographic notes. Those who reject the new method generally rely upon the language of the rule (Rules Civ. Prac., rule 1291) —but there is, too, an undercurrent of judicial doubt as to accuracy, in view of the easy possibility of tampering with certain types of recordation (see Gotthelf V. Millcrest Lbr. Co., 280 App. Div. 668; Gelman v. Pepper, 205 Misc. 998; Dudley v. Bonhomme Realty Co., 1 Misc 2d 119). If there be such doubt when the deposition is openly taken by the recorder in the presence of both counsel, it is not unnatural that there be more doubt when the recording instrument is used by one party without any knowledge whatsoever by the other that it is being used.