Henry A. Hudson, J.
The plaintiff has moved for the discovery and inspection of a certain statement taken by a representative of the defendant’s insurance carrier from the plaintiff on or about June 10, 1957.
The plaintiff sues to recover for injuries received in an automobile accident on the New York State Thruway seven miles east of Amsterdam, New York on May 11, 1957. In her attorney’s moving affidavit it appears that he was retained on June 1, 1957 and instituted the action in behalf of the plaintiff on June 27,1957. On June 11 a representative of the defendant’s insurance carrier called upon the plaintiff, a school dental hygienist, at the Bemsen Central School and interviewed the plaintiff there and at her home. The affidavit of such representative indicates that he did not know that plaintiff had employed an attorney; that he discussed the facts and circumstances of the accident with plaintiff; that he prepared a statement; that the statement was read thoroughly by the plaintiff; that she made certain corrections therein and affixed her initials to such statement where these corrections were made; that she initialed the first two pages and signed the last page of the statement; that no copy of the statement was requested by the plaintiff and that none was given her.
The plaintiff and her husband in their affidavits, while conceding many of the statements of such representative, set forth circumstances as to her physical condition and the circumstances under which the statement was obtained, which support plaintiff’s claim that she has no recollection of the contents of the statement.
The facts stated on behalf of the plaintiff’s application do not in my opinion constitute the special circumstances which the courts until very recently have held to be necessary in order to justify the relief sought by this motion. There is nothing therein to indicate that fraud or deception was practiced upon the plaintiff. No authority has been submitted and I have been unable to find any in which the question herein raised by the plaintiff has been recently passed upon by the Fourth Department. However, in December, 1955, the Third Department of the Appellate Division changed the existing rule insofar as it applied in the Third Department and permitted a plaintiff to examine a statement under almost identical circumstances, using the following language: “We have no criticism of the Special Term’s decision because it was in conformity with the general rule which has heretofore existed. We are constrained to the belief however that the rule should be changed.” (Wilhelm v. Abel, 1 AD 2d 55, 56.) *693 The Wilhelm case has been followed by the Special Term in the Second Department in Herlihy v. Costa (5 Misc 2d 192). After quoting from the Wilhelm decision the court states (p. 193): “ This court not only agrees with the foregoing views, but is of the opinion that they apply perhaps more strongly in this court, where calendar congestion has become a serious problem. ’ ’ The Wilhelm case has been quoted with approval in many recent decisions, most of which, however, have not occurred in the Fourth Department. (People ex rel. Glasier v. Glasier, 1 Misc 2d 650, 652.) In Del Ra v. Vaughan (1 Misc 2d 636, 638) wherein the court stated: ‘ ‘ The Appellate Division in the third department has taken the lead in broadening and liberalizing the requirements of disclosure by one party to the other in advance of trial of evidence that may tend to simplify the trial and expedite the disposition of cases in litigation in our courts.” The above decision was afirmed by the Third Department with special reference to the Wilhelm case (2 A D 2d 156).
In Swiatlowski v. Kasprzyk (2 Misc 2d 707, 712), the Erie County Special Term indicated generally its approval of the Wilhelm and Del Ra decisions.
Hayhurst v. O’Rourke (155 N. Y. S. 2d 421, 423) the Erie County Special Term cited with approval the Wilhelm case and used the following language in respect to its determination: “ Our sights should stay fixed on the tendency of the courts in recent years to liberalize the practice relating to procedural matters before trial.”
In Baron v. Kings-Suffolk Realty Corp. (4 Misc 2d 587) the Special Term in the First Department, after quoting with approval the language of the court in the Wilhelm case (p. 592) stated: “I do not see any valid reason why the rule thus enunciated should not apply to commercial litigation as well as to personal injury actions.” The Baron case related to the discovery and inspection of tape recordings of conversations between the principals involved in an action in the nature of an accounting to determine an interest in a business enterprise. (Tatar v. City of New York, 160 N. Y. S. 2d 901.)
In the Wilhelm case (1 A D 2d 55, 56-57) the court referred to the necessity for a liberalization of trial practice in respect to bills of particulars, examinations before trial and discovery and inspection in the following language: ‘ ‘ The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations *694 before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
I see no reason why the same relaxation of the prior rule and the adoption of the more liberalized practice as authorized in the Third Department in the Wilhelm case should not be followed by this court. We have recognized the necessity for a more speedy determination of automobile negligence cases in particular and have adopted numerous new rules within the past several years with that intent. In my opinion there is no reason why a different rule should be applied in a small rural county such as Lewis than in those counties embracing large urban communities. In the absence of some evidence that fraud or deceit had been practiced by the plaintiff in the institution of an action under circumstances which might adversely affect the defense of the action by compelling the contents of a prior written statement made by the plaintiff to be divulged, I am unable to recognize any disadvantage which would result to the defendant through his making available to the plaintiff a statement given to him at his request, by the plaintiff. Under such unusual circumstances the defendant’s rights could and I have no doubt would be protected by the court. Many people, especially those who are not highly educated, may not recollect distinctly the exact language used by an attorney or a trained adjuster of an insurance carrier who had prepared in his own language a statement to be signed by the plaintiff. This frequently occurs before an action has been instituted, or an attorney consulted. If the attorney who represents the plaintiff were aware of the contents of such a statement, a fair and speedy adjustment of the litigation might readily be accomplished without the necessity of the case reaching a court calendar. The courts today permit many disclosures which are reasonable and just and which will expedite the disposition of automobile negligence cases upon a basis fair to both litigants. This should be all the more pertinent by reason of the adoption by the Legislature of this State of compulsory automobile insurance under which every motorist is now required to carry insurance as a prerequisite to his right to drive an automobile.
*695 This court feels that it is bound to follow the determination of the Appellate Division in the Third Department in deciding this matter in the absence of a contrary determination in the Fourth Department.
The application of the plaintiff for an inspection of the statement given to the defendant’s insurance carrier on or about June 11, 1957 is granted, with $10 costs. Order accordingly.