Henry A. Hudson, J.
Motion, has been made by the plaintiff for an order directing service upon his attorney of a copy of a statement taken from the plaintiff by a representative of the insurance carrier of one or more of the defendants.
Upon the argument of the motion June 9, 1958, an opportunity was granted to counsel for the defendants to present authorities supporting their opposition to the granting of the order. No authorities or answering affidavits have been submitted and there are no facts before the court contradictory to those set forth in the moving affidavit. The moving affidavit is made completely upon information and belief by the attorney for the plaintiff and leaves much to be desired to bring this case within the recent authorities which have generally held a plaintiff to be entitled to a copy of a statement such as he appears to have given here. It does not appear that the plaintiff is unaware of the contents of the written statement, it merely being stated that he did not receive a copy of it. Plaintiff relies upon the case of Wilhelm v. Abel (1 A D 2d 55), a case decided in the Third Department.
This court recently decided a similar motion in Lewis County in the case of Swartsman v. Sova (11 Misc 2d 691). The facts in the Swartsman case (supra) were seriously contested but it appeared satisfactorily that there were sufficient grounds to believe that the plaintiff was unfamiliar with the contents of the statement. Following the decision in Wilhelm v. Abel (supra) and Del Ra v. Vaughan (1 Misc 2d 636, 638, affd. 2 A D 2d 156 [3d Dept.]), I granted the application and directed the furnishing of a copy of the statement. No decision in the Fourth Department has been called to my attention passing upon this question. The Wilhelm case (supra) has been followed recently in numerous cases in other departments: Herlihy v. Costa (5 Misc 2d 192); People ex rel. Glasier v. Glasier (1 Misc 2d 650, 653; Baron v. Kings-Suffolk Realty Corp. (4 Misc 2d 587, 592).
The Wilhelm case (supra) has also been followed in two recent Erie County, Special Term decisions: Swiatlowski v. Kasprsyk (2 Misc 2d 707); Hayhurst v. O’Rourke (17 Misc 2d 530).
As stated in the Swartsman case (11 Misc 2d 691, supra), I believe I am bound by the determination of the Third Department in the absence of a contrary determination in the Fourth Department. In the light of the present tendency of the courts today to permit any reasonable disclosure in negligence cases involving automobile accidents which may permit an expeditious disposition thereof on a basis fair to both litigants, I *958 believe that information contained in a statement obtained by an attorney or a trained adjuster of an insurance carrier from the plaintiff before an action is instituted by him against the insured, should be made available to the plaintiff particularly when a copy thereof was not provided him at the time the statement was taken. It might well be that in certain cases, circumstances would not justify such relief. In the present case, as previously stated, the defendants have not submitted any facts indicating the existence of any circumstances which would not justify the relief requested. The plaintiff upon the motion has indicated a willingness to assume any expense necessary in the furnishing of the statement.
Plaintiff’s motion is therefore granted on condition that any reasonable expense involved in the furnishing of the statement should be borne by the plaintiff.
The motion is granted, without costs. Order accordingly.