Eugene F. Sullivan, J.
This is a motion, pursuant to section 324 of the Civil Practive Act, by the plaintiff for an order to compel defendants to produce and give an inspection or a copy of a statement which was given by the plaintiff to one of the defendants’ attorneys at his request.
The above-entitled action, which was commenced by the service of a summons and complaint on the 19th day of February, 1959, is for damages for personal injuries allegedly sustained by the plaintiff because of the alleged negligence of the defendants on the 19th day of October, 1958.
The action has been noticed for trial by the plaintiff and it is now pending on the Trial Calendar of this court.
As a result of the injuries allegedly sustained by the plaintiff, she was confined to her bed and home from the date of the accident to December 8, 1958.
It was during this period that one of the defendants ’ attorneys visited the plaintiff at her home. While there, he stated to her that he represented the defendants’ insurance carrier and he interrogated her with respect to the circumstances surrounding the accident. She related to him the facts as she knew them to be which the attorney wrote down in his own handwriting. After he finished the writing, he requested the plaintiff to sign at the end thereof, which she did, relying upon the attorney’s representation that the writing contained the facts of the accident as she had related them to him. At the time of the plaintiff’s giving this statement, she was sick and infirm, and she was not represented by counsel.
The defendants have not served an answering affidavit on this motion. However, in a letter, under date of May 11, 1959, the defendants ’ attorney, who interrogated plaintiff, wrote, in part : “ # * * in Shaffer’s (one of plaintiff’s attorneys, supplied) moving papers you will note that nowhere does he say that fraud was practiced by (probably should be ‘ on ’, supplied) his client nor does he state that his client signed because she did not know what she was doing. The cases he cited allows the copy of the statement to be furnished to the plaintiff but only on the ground that justice would speedily be served and the case brought to a conclusion.”
Section 324 of the Civil Practice Act or rule 140 of the Rules of Civil Practice does not prescribe fraud or ignorance as a *89 ground to require discovery. Generally, the requirements are that the movant show the other party have in his possession or in the possession of his agent, attorney or under his control, a paper which relates to the merits of the action and that the paper or document is not in the possession or under the control of the movant.
In Urbina v. McLain (4 A D 2d 589, 590 [1st Dept.]) decided November 26, 1957, the court stated: “ Section 324 of the Civil Practice Act provides for the discovery and inspection of a document or paper in the possession of a party, ‘ relating to the merits of the action, or of the defense therein ’. To be subject to inspection the document or paper must itself be evidence (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 28-29; People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860). The statement of a party to a suit constitutes an admission, therefore it can be received in evidence. Thus in recent cases a rule has been adopted permitting inspection of a party’s own statement to his opponent’s investigators (Wilhelm v. Abel, 1 A D 2d 55; Herlihy v. Costa, 5 Misc 2d 192; see New York Procedures to Obtain Information in Civil Litigation by Weinstein and Bergman, 32 N. Y. U. Law, Rev. 1066-1121, 1111-1112).”
There áre several decisions which are authorities for this court to grant the relief herein sought.
As early as 1940, Mr. Justice Murray at Special Term, Schoharie County, granted such an order. (Bearor v. Kapple, 24 N. Y. S. 2d 655.)
As recent as July, 1958, the First Department in Totoritus v. Stefan (6 A D 2d 123), the facts of which are somewhat similar to those in the instant matter, “ favored ” the rule adopted by the Third Department in Wilhelm v. Abel (1 A D 2d 55), decided in 1955.
This latter case is cited as an authority in the following cases: Levey v. Hemme (7 A D 2d 646 [2d Dept., 1958]); Holleran v. Kenna (6 A D 2d 740 [3d Dept., 1958]); Del Ra v. Vaughan (2 A D 2d 156 [3d Dept., 1956]); Mallon v. Ginsberg (12 Misc 2d 1017 [Spec. Term, 2d Dept., 1958]); Swartzman v. Sova (11 Misc 2d 691 [Spec. Term, 4th Dept., 1957]); Albarello v. Meir (5 Misc 2d 193 [Spec. Term, 1st Dept., 1957]). (See, also, Johnson v. Valentino, 277 App. Div. 1133; Destin v. Bernhard Mayer Estate, 123 N. Y. S. 2d 271; Kotik v. Figi, 17 Misc 2d 956.)
Thus, it appears that the First, Second and Third Departments of the' Appellate Division and the Special Term- of the Fourth *90 Department have held that a party to an action is entitled to a copy of his statement which he has made to a representative or attorney of the other party.
The writer has been unable to find, and none has been called to his attention, a decision by the Appellate Division of the Fourth Department which passes upon this question which is before this court on .this motion.
The only decision of the Fourth Department, which the writer has been successful in finding and which deals in any way with the question of one party divulging its information or facts to another, is Swiatlowski v. Kasprzyk (3 A D 2d 261 [1957]). However, that case interprets section 306, not 324 as here, of the Civil Practice Act. Mr. Justice Williams there wrote (pp. 262, 263): “ The single question for our decision is whether the right to a physical examination of an injured party, once established, should be burdened with a requirement that a copy of the medical report be furnished to her or to her attorney. * * * Its sole purpose is to remedy his lack of knowledge of the nature and extent ‘ of the injuries complained of, ’ (Civ. Prae. Act, § 306) and we can find no warrant in the statutory language or purpose for requiring, as a condition of the exercise of the right to an examination, the sharing with plaintiff of the information obtained thereby. Such a condition would reimpose the inequality which the statute was enacted to cure. ’ ’
Hence, the Fourth Department did not pass upon the intent, purpose, application and meaning of section 324 of the Civil Practice Act. This court does not believe that the reasoning in the SwiatlowsJci case, in holding the plaintiff was not entitled to a copy of the report of his physical examination by defendant, is applicable to that in the afore-cited cases which hold that a plaintiff is entitled to a copy of his statement given to the defendant, and which is in his possession, and not in the possession of the plaintiff. One important difference is that the report of a plaintiff’s physical examination is not evidence while the statement of the plaintiff is or may be. To be subject to the provisions of section 324, the paper itself must be evidence. (Urbina v. McLain, 4 A D 2d 589, supra.)
Plaintiff’s motion is granted and the defendants’ attorneys are directed to furnish the plaintiff’s attorneys with a copy of the written statement which the plaintiff has heretofore made to one of the defendants’ attorneys, within five days of service of notice of entry of an order herein on defendants’ attorneys.
Order accordingly.